Fred F. BRYANT, Appellant,

v.

CITY OF SAN ANTONIO, et al., Appellees.

No. 14941.

Court of Civil Appeals of Texas,
San Antonio.

Feb. 17, 1971.

Rehearing Denied March 24, 1971.

Tracy & Cook, John D. Wennermark, Robert A. Valdez, San Antonio, for appellant.

Howard C. Walker, Crawford B. Reeder, Jackson C. Hubbard, San Antonio, for appellees.

BARROW, Chief Justice.

Fred F. Bryant has appealed from a judgment which upheld an order of the Firemen's and Policemen's Civil Service Commission, dismissing him from the San Antonio Police Department pursuant to Article 1269m., Vernon's Annotated Civil Statutes.

On March 23, 1967, Chief George W. Bichsel of the San Antonio Police Department indefinitely suspended Officer Bryant by written statement filed with the Commission on March 24, 1967, a copy of which was personally delivered to Bryant. In this statement, Bryant was charged with violating Rule XX, Section 120 of the City Personnel Rules, as well as Rules 42, 82, and 85 of the San Antonio Police Department. The specific acts allegedly committed by Bryant were set forth in detail in this statement. Such acts grew out of a disturbance on March 8, 1967, at the Holiday Inn No. 2 in San Antonio, allegedly caused by Bryant while in an off-duty status, in an apparent effort to embarrass or harass his ex-wife. In this connection, Bryant went to the Holiday Inn twice in violation of specific orders of a superior officer, who sought to avoid such a disturbance.

Byrant does not question the sufficiency of such written statement to comply with Section 16, Article 1269m., but urges by his first point on this appeal that appellees were required to allege such matters in the same detail in the district court. Bryant brought the suit to set aside the order of the Commission dismissing him from the Police Department. He urged only two grounds for setting aside the order—the Commission improperly refused to postpone the hearing, and there was no substantial evidence to indicate he was guilty of violating any Civil Service rule. In reply to this petition, the defendants (appellees herein) filed a general denial and further alleged that Bryant had received the benefit of all provisions of Article 1269m., that the Commission found the truth of the specific charges filed against him, and that such findings are based upon substantial evidence. No exceptions to such pleadings were levelled by either party, and the pleadings joined issue on the question of whether the Commission order was or was not supported by substantial evidence.

The case came on to be heard before the court and at such time, defendants accepted the burden of proceeding with the evidence in the case. The order entered by the Commission on May 8, 1967, was introduced without objection. Such order contains specific findings regarding each of the charges filed against Bryant by Chief Bichsel, including the evidence which supports such findings. Following introduction of such order, appellees called witnesses who testified regarding the charges against Bryant. These witnesses were permitted to testify over Bryant's objection that there was no pleading to support such testimony.

Section 16 of Article 1269m. requires the written statement filed with the Commission to point out not only the Civil Service rules alleged to have been violated, but also the act or acts complained of on the part of the employees. See City of San Antonio v. Poulos, 422 S.W.2d 140 (Tex.1968); Bichsel v. Carver, 159 Tex. 393, 321 S.W. 2d 284 (1959). Section 18 thereof authorizes an appeal from the decision of the Commission, and it is seen that there is no provision, as in Section 16, requiring the City or Commission to allege the specific charges made against the employee. Bryant urges, nevertheless, that defendants' pleadings should allege the acts in the same particularity as required in the written statement.

A somewhat similar question was presented this Court in Firemen's & Policemen's Civil Service Commission v. Shaw, 306 S.W.2d 160 (Tex.Civ.App.—San Antonio 1957, writ ref'd n. r. e.). It was there held that the Commission did not have the duty to prove up the rules and regulations of the Civil Service Board and Police Department of which Shaw was charged with violating. In the absence of any allegations to the contrary, the appellate court would presume that all the proceedings were regular and proper, and that the regulations which Shaw was charged with violating had been properly promulgated. Shaw was burdened with the duty of showing that the Commission proceedings were illegal or were not supported by substantial evidence.

■ Here no question is raised as to the burden of proceeding or the burden of proof. Further, the sufficiency of the written statement is not attacked. On the procedural question before us, we hold that defendants' allegation regarding the Commission proceedings, when considered with Bryant's petition, was sufficient to support the admission of evidence of the acts committed by Bryant in violation of the Civil Service and Police Department rules, which the Commission found he had violated.

■ Bryant's second point complains of the introduction into evidence of a signed carbon copy of the written statement served upon him by Chief Bichsel. No question was raised by Bryant that he had not been timely served as required by Section 16, supra, or that more than one statement was filed. The violations charged Bryant, as well as the Commission's findings thereon, are contained in the order admitted without objection. Nevertheless, defendants sought to introduce the written statement filed with the Commission. It was discovered that the original copy was not in the Commission jacket, where it was supposed to be. The City Personnel Director was charged with the responsibility of maintaining the Commission's records, and he testified that he could not find the original. He identified a Xerox copy of the original as well as the carbon copy, which was signed by Chief Bichsel, as well as by Bryant. The trial court did not err in admitting such signed carbon copy in these circumstances. Travis County Water Control & Imp. Dist. No. 12 v. McMillen, 414 S.W.2d 450 (Tex.1966).

■ The third assignment of error complains of the admission of testimony from Chief Bichsel, that Bryant had substantially admitted the charges when he testified before the Commission. Section 18, supra, provides for a trial de novo under the substantial evidence rule. Firemen's & Policemen's Civil Service Commission v. Hamman, 404 S.W.2d 308 (Tex. 1966). Under this rule, the record must be made in the trial court. Gerst v. Nixon, 411 S.W.2d 350 (Tex.1966); Cruz v. City of San Antonio, 424 S.W.2d 45 (Tex.Civ. App.—San Antonio 1968, no writ). Bryant did not testify as a witness at the district court hearing. Although Bryant's prior testimony could be admitted as an admission against his interest, we can see little basis for admitting Chief Bichsel's conclusions as to same. However, we cannot say that such admission in this proceeding before the court was reasonably calculated to cause, and probably did cause the rendition of an improper judgment. See Rule 434, Texas Rules of Civil Procedure. The testimony of the other witnesses stood uncontroverted regarding the events which were the basis of the charges against Bryant.

■ Bryant's final point urges that there is no substantial evidence to support the findings of the Commission that he committed the specific acts in violation of the Civil Service rules and Police Department rules, as set out in the written statement filed with the Commission by Chief Bichsel on March 24, 1967. Bryant was charged in essence with disobeying a lawful order of a superior officer, with con-

duct prejudicial to good order, and with abusive language towards a fellow officer.

Captain Despres testified that he was in the Inspection Bureau of the Department on March 8, 1967, and thus charged with handling complaints made against police officers. He received a call about 9:00 p. m. regarding Bryant creating a disturbance at the Holiday Inn and, after locating Bryant at a nearby ice station, specifically ordered him not to go back to the Holiday Inn where his ex-wife was employed. That same evening about 11:00, he received another complaint that Bryant had created more trouble at the Holiday Inn and, after locating Bryant, he again specifically ordered Bryant to stay away from the Holiday Inn. Nevertheless, Bryant again returned to the Holiday Inn, and created a disturbance by calling his ex-wife vile names in the presence of several motel guests. On the same occasion, Bryant also threatened to get the motel security officer, when he caught the latter in Bryant's district, and threatened to whip another San Antonio Police Officer, who sought to restrain him until Captain Despres arrived. Although Bryant was off-duty at the time, such evidence substantially supports findings that he had violated Rule XX, Section 120 of the Civil Service rules, as well as Rules 42, 82, and 85 of the Police Department.

The real basis of Bryant's complaint under this point is that, if there is substantial evidence he violated the Civil Service rules by committing the charged acts and conduct, the Commission's penalty of dismissal is too harsh. It is very regrettable that this officer's career was terminated by this disturbance, growing out of his relationship with his ex-wife. On the other hand, the record shows that his superior officer, as well as the security officer, did everything possible to try and restrain Bryant on the occasion in question. His acts and conduct were clearly such as to bring discredit on the Department. The Commission is charged by law with the discretion to set the penalty where it finds that the charges

made by the Department Head are true. Our authority is limited to a determination of whether the proceedings were illegal, or were not supported by substantial evidence. Bryant has not shown either here.

The judgment is affirmed.