KENNETH C. WILLIAMS V. STATE OF INDIANA.

[No. 1171S335. Filed April 18, 1973.]

*Lawrence D. Renfro, Renfro & Whitton,* of New Castle, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was indicted for first degree murder of his wife. A jury trial resulted in a conviction for second degree murder. Appellant was sentenced to the Indiana State Prison for a term of not less than fifteen years nor more than twenty-five years.

The record discloses the following facts:

Captain Slettvet of the New Castle Police Department answered his phone at police headquarters shortly after 4:00 P.M. on November 30, 1970. He heard a loud scream followed by several shots, then moaning, a TV playing and a child

crying. Some fifty minutes later, while still waiting for the call to be traced, he received a radio message from the Sheriff of Wayne County regarding a family disturbance at 1511 S. 21st Street.

Captain Slettvet immediately left with two officers. Upon arriving at that address they were admitted to the residence by the child of the decedent, Peggy Sue Williams.

In the living room the officers discovered the body of Mrs. Williams. She was bleeding from multiple bullet wounds. A .38 caliber slug was found in her blouse. Her father's .22 caliber revolver with six empty shell casings lay nearby.

Upon contacting headquarters, Captain Slettvet learned that the call he had received at the office had been traced to that number.

Blood stains found in the house were of two different types, one matching Mrs. Williams' blood type and the other matching the appellant's blood type.

The glass in the storm door was broken inward and the latch pulled off indicating that it had been broken from the outside in. There were several bullet holes in and around the door.

Both the decedent's parents testified that appellant had previously threatened his wife and had beaten her. The decedent's mother testified that approximately two weeks before the incident, Mrs. Williams, who had left her husband, had asked where her father's pistol was and stated that she was afraid the appellant would harm her. On the day of the shooting, the appellant had called Mrs. Williams. Following the call she told her mother she was afraid of appellant and would shoot him, if he attempted to break into the house.

Deputy Catey of the Wayne County Sheriff's Department testified that at about 4:50 P.M. on the day of the shooting, appellant walked into the sheriff's office bleeding from the left side of his face. He informed Deputy Catey that he had just had a shoot-out with his wife, and that he had used a

.38 caliber revolver, which he had thrown away on his way to Richmond. He further told the officer that he had parked across the street, gone to the back door with a .38 caliber revolver in his pocket. When he knocked on the door, he heard several shots and felt something hit his face. The next thing he remembered was that he was on the highway driving toward Richmond. He could not remember whether he had entered the house. At the trial appellant testified that on the day of the shooting, he had called the deceased. She had informed him that she had filed for divorce. Later that day he went to see his wife at her parents' home, where she was staying, to talk to her about the divorce. When he knocked on the door he heard shots and felt a bullet strike his cheek. The decedent then let him in and said she would call for medical assistance. He followed her into the house and as she began to dial the telephone he stated that she again started shooting at him. He then drew his pistol and began firing rapidly. He then ran to his car and left for Richmond.

Appellant first claims the trial court erred in admitting State's Exhibit 1 into evidence over his objections. He asserts that the admission of the exhibit was prejudicial in that at that time there was no showing that the crime had been committed. Exhibit 1 is a color slide showing the deceased on the floor. Appellant cites no authority for his contention, thus the error, if any, is waived. IND. RULES OF PROC., Rule AP 8.3(A)(7), *Wright* v. *State* (1958), 237 Ind. 593, 147 N. E. 2d 551. The authorities, however, are to the contrary. The order of proof is within the sound discretion of the trial judge. *Parker* v. *State* (1949), 228 Ind. 1, 88 N. E. 2d 556, 89 N. E. 2d 442.

Appellant next claims the trial court erred in admitting into evidence State's Exhibits 2, 7, 13, 14, 15, 16, 17, 32, 33 and 34. These exhibits included a .38 caliber slug found near the body of the deceased, a photograph of the broken latch on the back door, blood stains on the cabinet and photographs of the body of the decedent showing the bullet wounds. There

were also articles of decedent's clothing included in the exhibits. Appellant again asserts without authority that the admission of these exhibits was prejudicial to him as there was no evidence connecting him with the exhibits.

The State is not required to prove its entire case by a single piece of evidence. *Blevins* v. *State* (1973), 259 Ind. 618, 291 N. E. 2d 84, 34 Ind. Dec. 565. As above pointed out in *Parker* v. *State, supra,* this Court held that the order of proof lies within the sound discretion of the trial judge. Appellant also contends that the photographs of the deceased were so gruesome as to be prejudicial. We do not agree with this observation. These photographs simply show the bullet wounds on the body of the deceased. They in no way fall within the category of photographs which have previously been rejected by this Court as being too gruesome. This Court's position on the admissibility of photographs of the body of a victim was presented in *Blevins* v. *State, supra.* The observations made in *Blevins* are equally applicable to the case at bar.

Appellant next claims that the evidence is insufficient to support the verdict. He claims the jury failed to take into consideration his evidence of self-defense. In support of this position he cites *Johnson* v. *State* (1971), 256 Ind. 579, 271 N. E. 2d 123, 26 Ind. Dec. 248, and *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874, 12 Ind. Dec. 494. Neither of these cases cites the factual framework of the case at bar. In *Manlove* there was no evidence, direct or circumstantial, connecting the defendant with the deceased at the time of the crime. In the case at bar the appellant testified that he shot his wife. The only question for the jury was the appellant's claim of self-defense.

In the *Johnson* case the defendant was a bartender, who was attacked by a patron of the bar. The ruling of this Court was that there was uncontradicted evidence that the deceased was the attacker at all times and that the jury's verdict could not stand in the face of this uncontra-

dicted evidence of self-defense. In the case at bar there was evidence that appellant had previously threatened his wife, that the back door had been broken from the outside in; also, that the appellant had approached the decedent in her parents' home carrying a loaded revolver in his pocket, although there was no evidence that his wife had ever threatened him. Thus, there was evidence before the jury from which they could find that the appellant was, in fact, the aggressor, and that his version of the evidence describing a situation of self-defense on his part was not true. As this Court has often said, we will not weigh the evidence. The weight of the evidence is solely within the province of the jury. *Hash* v. *State* (1973), 259 Ind. 683, 291 N. E. 2d 367, 34 Ind. Dec. 635.

This record contains evidence from which the jury could find that each element of the crime of second degree murder had been established by evidence beyond a reasonable doubt. The court did not err in overruling appellant's motion for a directed verdict at the close of the evidence. There was evidence from which the jury could reasonably find that the appellant was guilty of second degree murder.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 294 N. E. 2d 793.