MARVIN W. POPE *v.* MARION COUNTY SHERIFF'S MERIT BOARD, FRED W. MORLEY, JAY B. HAGGERTY, FRANCIS POLEN, ROBERT L. VANDYKE AND LEE R. EADS, AS SHERIFF OF MARION COUNTY, INDIANA.

[No. 2-173A23. Filed September 24, 1973.]

638

*Thomas E. Alsip, Butler, Brown and Hahn,* of Indianapolis, for appellant.

*James A. Buck, Buck, Berry, Landau & Breunig,* of Indianapolis, for appellees.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Major Marvin Pope of the Marion County Sheriff's Department appeared before the Sheriff's Merit Board upon charges of failing to obey a superior officer and operating a county owned vehicle while under the influence of intoxicating beverages. The Merit Board found him guilty of ". . . willful disobedience of a lawful order of a superior officer. . . ." He was reduced to the rank of deputy and suspended from September 22, 1971, until midnight, November 10, 1971.

He filed a petition for writ of certiorari in the Marion County Circuit Court for a review of the Merit Board's Order. The Marion County Circuit Court affirmed the Merit Board's Order, and Marvin Pope filed his motion to correct errors which raises two issues on appeal. The first issue is the effect of improperly labeling the Rules and Regulations of the Marion County Sheriff's Department. The trial court had referred to "Chapter IV, Paragraph 312" when it should have referred to "Chapter III, Paragraph 312 of the Rules and Regulations." The substance of the charge was correct. The second issue is the sufficiency of the evidence.

Our opinion concludes that AP. 15(D) is applicable and that no reversible error exists as to issue one. A judicial review of the evidence convinces this Court that the evidence was sufficient. We affirm the trial court's judgment.

## II.

### STATEMENT OF THE FACTS

Marvin W. Pope was a Major employed by the Marion County Sheriff's Department. On or about October 13, 1971,

he received the following notification regarding a scheduled Marion County Sheriff's Department Merit Board hearing:

"You are hereby notified of the Marion County Sheriff's Department Merit Board Hearing on October 20, 1971 at 12:00 o'clock noon in the office of Sheriff Lee R. Eads.

"The following charges have been brought against you: Chapter IV paragraph 312 of Rules and Regulations.

*Obedience*

A. Members shall strictly obey and promptly execute any lawful order issued by a ranking officer.

B. The term 'lawful order' shall be constructed as an order in keeping with the performance of any duty prescribed by Law or Rule of the Department or for the preservation of order, efficiency, and proper discipline.

*Special Order #66*

Subject: Use of alcohol and/or drugs while operating a county owned vehicle.

Reference: Rules and Regulation 364

A. No member shall operate or cause to be operated, a county owned vehicle, whether on or off duty, while under the influence of intoxicating beverages.

1. The odor of alcohol on the breath will be considered presumptive evidence, and the member shall be subject to immediate suspension pending investigation."

The charges stem from the events surrounding the closing of the Sherwood Inn in Indianapolis on September 22, 1971. The testimony before the Merit Board disclosed that there had been a fight at the Sherwood Inn on the evening of September 22, 1971. Before Major Pope's arrival at the Inn, the assailants had left and the victim had been taken to the hospital. Upon Major Pope's arrival, he received little cooperation from the customers or employees at the Inn and was unable to find out the names of the assailants. He said, "This place is closed; everyone get the hell out of here." Several employees and the owner of the Sherwood Inn testified that

Major Pope was intoxicated at the time of the closing. Lieutenant Colonel Romeril of the Marion County Sheriff's Department was called in to investigate.

Approximately four hours after the incident at the Sherwood Inn, Lieutenant Colonel Romeril spotted Major Pope's car and followed him trying to get Major Pope to respond on his car radio. Major Pope finally responded and pulled over to the side of the road. Lieutenant Colonel Romeril observed that Major Pope's speech was slurred and that he was unstable. Lieutenant Colonel Romeril testified to the following verbal exchange with Major Pope:

"Q. Did you give him an order at that time and place?
"A. Yes, I asked him first to go home. And the second time, I said, 'Marvin, I am giving you a direct order to get into your car and go home.'

\* \* \*

"Q. What did he do?
"A. He told me to go to hell; that he demanded to see Sheriff Eads at that time and that location."

Major Pope and Lieutenant Colonel Romeril met with Sheriff Eads in the early morning hours of September 23, 1971. Sheriff Eads also testified that at that time Major Pope's speech was slurred and his eyes were bloodshot.

After hearing the above evidence, the Merit Board took the following action:

"The Board finds that Major Marvin W. Pope is guilty as charged of willful disobedience of a lawful order of a superior officer in violation of Chapter IV, Par. 312, of the Rules and Regulations; that he was not conclusively proved to be guilty of violation of Special Order 66, Use of Alcohol and/or Drugs While Operating a County-owned Vehicle; and that he should be suspended from September 22, 1971, until midnight, November 10, 1971, and reduced in rank to the rank of deputy."

This ruling by the Merit Board was reviewed by the Marion County Circuit Court and affirmed. Marvin W. Pope appeals

this judgment of the Circuit Court raising the issues stated in our *Statement of the Issues* section below.

## III.

## STATEMENT OF THE ISSUES

Marvin W. Pope raises the following two issues in his motion to correct errors:[1]

*Issue One:* The decision of the Circuit Court is contrary to law since it affirms a violation of "Chapter IV, Paragraph 312 of the Rules and Regulations of the Marion County Sheriff's Department" and there is no Chapter IV, Paragraph 312.

*Issue Two:* There is insufficient evidence to show a violation of Chapter III, Paragraph 312.

## IV.

## STATEMENT ON THE LAW

ISSUE ONE: Marvin W. Pope is correct in his assertion that there is no Chapter IV, Paragraph 312 in the "Rules and Regulations of the Marion County Sheriff's Department." The notification of the Merit Board hearing received by Major Pope set out the text of the Rule found in "Chapter

---

1. Marvin W. Pope's argument on Issue One in his Brief asserts that the Merit Board failed to comply with IC 1971, 17-3-14-7; Ind.Ann.Stat. § 49-2826 (Burns 1964) in the following particulars:

"1. The appellant was not notified with specificity of the charges against him. There were no allegations of the time, place and events to be considered by the Board.

"2. The notice only consisted of the mere recital of violation of the applicable rules.

"3.. The statute is penal in nature and must be strictly construed."

However, this Court and the Supreme Court of Indiana have consistently held that errors raised for the first time in Appellant's brief and not specifically set out in his motion to correct errors are waived. See Rule TR. 59(G) of the Indiana Rules of Procedure; *Adkins* v. *Elvard* (1973), 155 Ind.App. 672, 294 N.E.2d 160; *Goshen City Court* v. *State ex rel. Carlin* (1972), 153 Ind.App. 342, 287 N.E.2d 591; *Matthew* v. *State* (1972), 154 Ind.App. 182, 289 N.E.2d 336 and *Spivey* v. *State* (1971), 257 Ind. 257, 274 N.E.2d 227. We will only discuss Marvin Pope's Issue One as raised in his motion to correct errors.

III, Paragraph 312." The ruling of the Merit Board and the judgment of the Circuit Court also erroneously refer to "Chapter IV, Paragraph 312." Despite the erroneous numbering, however, there was no confusion about the substance of the rule actually under consideration. The following discussion took place at the Merit Board hearing on November 10, 1971 before witnesses were called:

"CHAIRMAN FRED MORLEY: I have here a copy of a letter of October 13th from Lee R. Eads, Sheriff of Marion County to Marvin Pope, 311 South Norfolk Street, Indianapolis, Indiana, which states:

"You are hereby notified that the Marion County Sheriff Department Merit Board hearing on October 20th, 1971, at 12:00, Noon, in the office of sheriff Lee R. Eads. The following charges have been brought against you:

"Chapter 4, paragraph 312 of Rules and Regulations, obedience, A: member shall strictly obey and promptly execute any lawful order issued by a ranking officer.

"B. The term lawful order shall be construed as an order in keeping with the performance of any duty prescribed by law or rule of the Department, or for the preservation of order, efficiency and proper discipline.

"Special Order Number 66, subject, use of alcohol and/or drugs while operating a County owned vehicle; reference Rules and Regulations 364, A: No member shall operate, or cause to be operated, a County owned vehicle, whether on or off duty, while under the influence of intoxicating beverages.

"1. The odor of alcohol on their breath shall be considered presumptive evidence, and a member be subjected to immediate suspension, pending an investigation.

"Authority of Lee R. Eads, Sheriff of Marion County.

"Now, this is a hearing pursuant to this letter we are in now.

"Now, we are ready for the submission of evidence in support of this charge, is that right?

"MR. BUCK: Yes, sir.

"My name is James A. Buck. I am from the legal department of Sheriff Lee R. Eads, of Marion County.

"I would like to ask Mr. Butler if he wants to stipulate the Special Orders that they are the Special Orders, and that they were in effect that day, if not, we will go ahead and prove them.

"MR. BUTLER: I don't think it is necessary to prove them. We will stipulate that these are the Rules and Regulations and this is also a Special Order adopted pursuant to those Rules and Regulations.

"MR. BUCK: At this time, the Sheriff offers into evidence a copy of Special Order 66, and a copy of Regulation 311.

"MR. BUTLER: 312, isn't it?

"MR. BUCK: 312. They are all on the same page here. Do you have any objection?

"MR. BUTLER: No objection at all."

The judgment of the Circuit Court also shows that the rule actually considered, although erroneously numbered, was Chapter III, Paragraph 312:

"4. There is evidence to sustain the finding of the Board of Wilful Disobedience of the lawful order of a superior officer in violation of Chapter IV, Paragraph 312 of the Rules and Regulations of the Marion County Sheriff's Department."

Rule AP. 15 (D) of the Indiana Rules of Procedure provides:

"No judgment shall be stayed or reversed, in whole or in part, by the court on appeal for any defect in form, variance or imperfections contained in the record, pleadings, process, entries, returns, or other proceedings therein, which by law might he amended in the court below, but such defects shall be deemed to be amended in the court on appeal; nor shall any judgment be stayed or reversed, in whole or in part, where it shall appear to the court that the merits of the cause have been fairly tried and determined in the court below."

We find that the erroneous numbering of "Chapter III, Paragraph 312" in no way prejudiced Marvin Pope. There-

fore, pursuant to Rule AP. 15 (D), we hereby amend the judgment of the Circuit Court to read in pertinent part as follows:

"4. There is evidence to sustain the finding of the Board of Wilful Disobedience of the lawful order of a superior officer in violation of Chapter III, Paragraph 312 of the Rules and Regulations of the Marion County Sheriff's Department."

ISSUE TWO: Marvin Pope's entire argument as to *Issue Two* is as follows:

"Secondly, appellant would direct the Court's attention to the Motion to Correct Errors and the recitation of the only evidence regarding the Board's finding. Appellant urges the Court that this evidence is insufficient as a matter of law to sustain the finding of 'wilful disobedience of a lawful order.'

"Whatever the conduct of the officer, the record only reveals this evidence as supporting the specific finding of the appellee Board.

"Appellant requests the Court to find that this evidence is insufficient as a matter of law."[2]

From the evidence set out in our *Statement of the Facts* section, the Merit Board found that Major Pope disobeyed a direct order of a superior officer in violation of Chapter III, Paragraph 312. The same standard of review by the trial court in cases involving disciplinary action by boards of public safety regarding *city* policemen[3] is applicable to review of disciplinary actions by merit boards regarding *county* policemen.[4] The trial court may not substitute its judgment for that of the administrative body.

---

2. Marvin Pope fails to cite any authority to support his second contention of error. Under Rule AP. 8.3 (A) (7) of the Indiana Rules of Procedure, he has waived his contention of error. *Williams* v. *State* (1973), 260 Ind. 237, 294 N.E.2d 793. However, since there has been no case in Indiana regarding the discharge of a *county* policeman under IC 1971, 17-3-14-7; Ind.Ann.Stat. § 49-2826 (Burns 1964), we will discuss Marvin Pope's second contention of error on the merits.

3. IC 1971, 18-1-11-3; Ind.Ann.Stat. § 48-6105 (Burns 1972 Supp.).

4. IC 1971, 17-3-14-7; Ind.Ann.Stat. § 49-2826 (Burns 1964).

*City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 199 N.E.2d 703; *City of Anderson* v. *Hadley* (1951), 122 Ind. App. 8, 102 N.E.2d 385. The trial court may not change or modify the disciplinary action taken by the Board without a showing that such action was arbitrary and capricious. *City of Marion* v. *Alvarez* (1972), 151 Ind. App. 133, 277 N.E.2d 916; *Bellam* v. *City of Fort Wayne* (1971), 149 Ind. App. 585, 274 N.E.2d 274; *Ely* v. *City of Montpelier* (1969), 146 Ind. App. 175, 253 N.E.2d 286; *City of New Albany* v. *Whiteman* (1968), 250 Ind. 333, 234 N.E.2d 646. Chief Justice Arterburn of the Supreme Court of Indiana, writing for the majority, stated in *City of New Albany* v. *Whiteman, supra,* 250 Ind. at 337, 234 N.E.2d at 648:

> ". . . To hold that the trial court, in its own discretion, without a finding supported by evidence of an arbitrary and capricious ruling by an administrative board, may modify and change the punishment fixed by an administrative board would, in fact, turn over to the courts and the judicial department the matter of disciplining a policeman, which, under the constitution, belongs to the executive department of the government."

This Court may not weigh the evidence. *King* v. *City of Gary* (1973), 260 Ind. 459, 296 N.E.2d 429.

The trial court does examine the cause for disciplinary action which must have a reasonable relation to a policeman's fitness or capacity to hold his position. If there is no reasonable relationship, the order of the Merit Board is arbitrary and capricious as a matter of law and must be voided by the trial court. *City of Fort Wayne* v. *Bishop* (1950), 228 Ind. 304, 314, 92 N.E.2d 544; *Morris* v. *City of Evansville* (1972), 152 Ind. App. 50, 281 N.E.2d 910.

The record does not clearly disclose whether Major Pope was on or off duty when he failed to obey a direct order of a superior officer. However, there is an inference that he was off duty. From the very nature of a policeman's duties, his conduct in the community on

and off duty must be above reproach.[5] As stated by the Appellate Court of Illinois in *Davenport* v. *Board of Fire & Police Com'rs. of Peoria* (1972), 2 Ill. App. 3d 864, 278 N.E.2d 212, 216:

> ". . . It has long been settled in our state that there is no distinction between 'off duty' or 'on duty' misconduct by a police officer. . . . By the very nature of his employment a police officer is in the eyes of the public and for the good of the department must exercise sound judgment and realize his responsibilites to the department and the public at all times. . . ."

The order of a superior officer to a possibly intoxicated policeman to go home has a direct relation to preserving that policeman's reputation in the community and his future capacity to fulfill his duties.[6] See *Bryant* v. *City of San Antonio* (1971), Tex. Civ. App., 464 S.W.2d 888 for a similar fact situation.

The disciplinary action taken by the Marion County Sheriff's Merit Board was not arbitrary or capricious, and the judgment of the Circuit Court affirming such action should be affirmed.

---

5. The Rules of General Conduct set out in Chapter IV of the Rules and Regulations of the Marion County Sheriff's Department reflect the high standard of conduct expected of county policemen:

"402 *General Behavior:* No member shall act or behave privately in in any official capacity in such a manner as to bring discredit upon himself or the Department.

"403 *Disorderly Conduct:* No member shall become intoxicated or disorderly in a public place at any time.

\* \* \*

"408 *Relations with Other Law Enforcement Officers:* Members shall be respectful, courteous, and civil with all law enforcement officers. This is deemed to cover officers of all voluntary organizations and regular deputies."

6. Note the following testimony regarding Major Pope's ability to drive home:

"MR. HAGGERTY: Do you feel that his condition was good enough that he could drive the car?

"THE WITNESS [Colonel Romeril]: I advised Major Pope that I would follow him home, I would drive him home; I would give him one of the two sergeants that was with me, to drive him home."

## V.
## DECISION OF THE COURT

The erroneous numbering of "Chapter III, Paragraph 312" in no way prejudiced Marvin Pope at his hearing before the Merit Board. We amend the judgment of the Marion County Circuit Court pursuant to Rule AP. 15(D) as follows:

"4. There is evidence to sustain the finding of the Board of Wilful Disobedience of the lawful order of a superior officer in violation of Chapter III, Paragraph 312 of the Rules and Regulations of the Marion County Sheriff's Department."

There was sufficient evidence to show a violation of "Chapter III, Paragraph 312."

The judgment of the Marion County Circuit Court should be and the same hereby is affirmed.

Hoffman, C.J., concurs in result; Sharp, J., concurs.

NOTE.—Reported at 301 N.E.2d 386.