**Rudolph KAPITAN, Mary Kapitan, and Scott Teeter, Plaintiffs–Appellees,**

v.

**CITY OF GARY, INDIANA, Defendant–Appellant.**

No. 92–3557.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 29, 1993.

Decided Dec. 20, 1993.

Rehearing Denied Jan. 10, 1994.

Robert G. Berger (argued), David E. Mears, Highland, IN, R. Cordell Funk (argued), Funk & Foster, Hammond, IN, for plaintiffs-appellees.

Gilbert King, Jr., Corp. Counsel, Office of Corp. Counsel, MacArthur Drake (argued), Gary, IN, Richard F. McDevitt (argued), Munster, IN, for defendant-appellant.

Before POSNER, Chief Judge, and LAY[†] and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Perry Taylor, a member of the police force of Gary, Indiana, did not take kindly to the repossession of his car. Taylor tried to arrest the man who recovered the car (he escaped) and detained two owners of the dealership—actions "under color of state law" but without the slightest pretense of legality. All three persons filed actions under 42 U.S.C. § 1983 against Taylor and his employer, the City of Gary. A jury decided in plaintiffs' favor against Taylor but exonerated the City after concluding that Taylor was not carrying out any "policy" of Gary, an essential ingredient of the claim in light of *Monell v. New York City Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), which holds that § 1983 does not authorize vicarious liability against municipalities.

[†] Hon. Donald P. Lay, of the Eighth Circuit, sitting by designation.

The jury awarded a total of $15,187.30 in compensatory and punitive damages against Taylor, and the magistrate judge, presiding by consent under 28 U.S.C. § 636(c)(3), tacked on attorneys' fees of $66,137.79. Taylor neither appealed nor paid. Plaintiffs have been unable to collect from Taylor. He lacks substantial assets (recall what happened to his car), and his wages already have been garnished to satisfy a prior judgment for assaulting a fellow police officer. Garnishment is unlikely to be successful in the immediate future, because Taylor is under a federal indictment for conducting an illegal gambling business, see 18 U.S.C. § 1955—although none of this has induced Gary to remove him from the police force!

█ Plaintiffs next commenced supplementary proceedings under Fed.R.Civ.P. 69(a), depicting Gary as Taylor's creditor in light of what plaintiffs believe is Gary's obligation to indemnify Taylor. See *Argento v. Melrose Park*, 838 F.2d 1483 (7th Cir.1988); *Hibma v. Odegaard*, 769 F.2d 1147 (7th Cir. 1985). Any obligation Gary may have stems from Ind.Code § 34–4–16.7–1:

> If a present or former public employee ... is or could be subject to personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of his employment which violates the civil rights laws of the United States, the governmental entity, as defined in IC 34–4–16.5–2, shall, subject to the provisions of [four other statutes], pay any judgment ... of the claim or suit when ... the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision, determines that paying the judgment ... is in the best interest of the governmental entity. The governmental entity shall also pay all costs and fees incurred by or on behalf of a public employee in defense of the claim or suit.

Ind.Code § 34–4–16.5–5(b) is similar; we need not discuss it separately. Both statutes say that a governmental entity "shall" pay judgments against employees, but only if the "governing body" of that entity "determines that paying the judgment ... is in the best interest of the governmental entity." That

combination makes indemnity voluntary. *Elliott v. Hinds*, 573 F.Supp. 571 (N.D.Ind. 1983); *Grant v. North River Insurance Co.*, 453 F.Supp. 1361, 1371 (N.D.Ind.1978). Gary decided that paying the judgment against Taylor was not in its best interest, because Taylor was pursuing a private agenda rather than acting as a police officer. As we read the statute, payment of costs and legal fees follows from the decision to indemnify the substantive liability; a governmental entity that decides not to indemnify also need not pay these ancillary expenses.

█ Nonetheless, the magistrate judge held that Gary must pay. The judge did not purport to review the City's case-specific determination that payment would not be in its best interests. Instead the judge concluded that Gary made a generic best-interests determination when its Board of Public Works and Safety adopted Resolution 50090 on December 31, 1987:

> NOW THEREFORE BE IT RESOLVED, that the Board of Public Works & Safety for the City of Gary hereby established [sic] a policy of liability [sic] for elected and appointed public officials as provided for in the above cited statutes of the State of Indiana to immunize [sic] and save harmless its' [sic] elected and appointed officials present or former from any claim or suit against said elected or appointed official when the act or omission causing the loss is within the scope of his or her employment with the City of Gary regardless of whether the employee can or can not be held personally liable.

This resolution, adopted on the last day of a mayoral administration many of whose elected officials were defendants in civil rights suits, remains in force. The magistrate judge concluded that Taylor acted within the scope of his employment—that the jury's finding that he acted under color of law implied such a conclusion—and that Gary therefore must pay. See *Pope v. Marion County Sheriff's Merit Board*, 157 Ind.App. 636, 647, 301 N.E.2d 386, 392 (1973) ("It has long been settled in our state that there is no distinction between 'off duty' or 'on duty' misconduct by a police officer.").

As we see things, however, the Board of Public Works and Safety lacks authority to require Gary to pay for loss caused by the City's employees, as opposed to the Board's employees. The Indiana statutes call for a best-interests determination by the "governing body" of the entity employing the person who caused the loss. Taylor's employer is the City of Gary. "The safety board of a city shall administer the police and fire departments of the city," Ind.Code 36–8–3–2(a), but the City itself employs the police, setting and paying their salary (and still a third entity, a merit board, hires and fires the police). The City's "governing body" is its city council, or perhaps the mayor and council acting together. Cf. *Scott v. Gatson,* 492 N.E.2d 337, 341 (Ind.App.1986). Resolution 50090 is the product of a subordinate administrative body. Indiana law makes it possible to call the Board a "political subdivision" in its own right. See Ind.Code § 34–4–16.5–2(f), defining "political subdivision" to include not only a city (§ 2(f)(3)) but also any "[b]oard or commission of one [1] of the entities listed in subdivisions (1) through (9), inclusive, of this subdivision" (§ 2(f)(10), bracketed numeral in original). Perhaps the Board then is a "governing body" entitled to indemnify its own employees. Taylor is not among them, however, and nothing we could find in the Indiana Code permits the "governing body" of one "governmental entity" to obligate a *different* "governmental entity" to pay for the wrongs committed by the latter's employees.

As a subordinate body, the Board of Public Works and Safety does not set taxes or determine its own budget. It receives an appropriation from the City and must live within its means. The magistrate judge proceeded as if the Board had the power to fill in a blank check signed by the City. That is an implausible understanding of state and local law. Plaintiffs have not cited, and we did not find, any state case holding that a subordinate body may require the "governmental entity" of which it is a part to spend money beyond the limits of the subordinate body's appropriation. Resolution 50090 therefore does not make the City of Gary a creditor of the judgment debtor, and the magistrate judge should have dismissed the proceeding under Rule 69(a).

REVERSED