NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 2, 2015[*]
Decided October 7, 2015

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-1957

| | |
|---|---|
| JARREN L. AUSTIN,<br>    *Plaintiff-Appellant,* | Appeal from the United States District<br>Court for the Northern District of Indiana,<br>Fort Wayne Division. |
| *v.* | No. 1:93-cv-217 |
| JOHN NIBLICK,<br>    *Defendant,* | William C. Lee,<br>*Judge.* |
| CITY OF FORT WAYNE,<br>    *Intervenor-Appellee.* | |

**O R D E R**

Jarren Austin obtained a default judgment in 1995 against John Niblick, a police officer for the City of Fort Wayne, Indiana, who violated his civil rights during an arrest. Austin was unable to collect on the judgment from Niblick. Years later, he asked the district court to enforce the judgment against Fort Wayne, Niblick's former employer, on

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. See FED. R. APP. P. 34(a)(2)(C).

the theory that local law required the city to indemnify Niblick. The district court denied Austin's request, reasoning in part that the law applies to only state-law liabilities. Construing Austin's *pro se* filing as a motion for supplemental proceedings under Federal Rule of Civil Procedure 69, we conclude that he may proceed against the city to enforce his judgment, and so we vacate and remand.

The procedural history is simple. Austin, with the assistance of counsel, sued John Niblick and other unnamed officers of the Fort Wayne Police Department for beating him while arresting him in 1991. The complaint stated claims under both 42 U.S.C. § 1983 and state tort law. An attorney for the city entered an appearance on behalf of only the unnamed officers, and Austin agreed to dismiss them from the suit with prejudice after the city's attorney argued that the claims against them were time-barred. The claims continued against Niblick, who apparently no longer worked for the police department and had moved to Florida. Austin spent two years trying to locate Niblick, but was able to achieve service only through publication. Niblick never responded to the suit, and the district court entered a default judgment against Niblick in 1995, awarding Austin $16,998.36.

After efforts to find and collect from Niblick failed, Austin filed a *pro se* motion 19 years after the judgment, asking the district court to enforce the judgment against the City of Fort Wayne. He raised three arguments, but only one requires extended discussion; we address the other two at the end of this order. Austin argued that the city must pay him on his judgment against Niblick because the city indemnifies its employees for their adjudicated liabilities. Austin relied on a state statute, IND. CODE § 34-4-16.7-1 (1997) (it has since been amended and renumbered IND. CODE § 34-13-4-1 (2015)), and a city ordinance, FORT WAYNE, IND., ORDINANCE § 31.05 (2015). Alerted to the proceeding when Austin served the city with a copy of his motion, the city intervened in the suit and opposed Austin's motion. The district court rejected Austin's argument, reasoning that the indemnification statute did not create a private right of action to sue a governmental entity to compel it to pay a judgment and that the city ordinance applied only to state-law claims, not claims under § 1983.

Before we reach the merits of Austin's appeal, we clarify the nature of his motion and the district court's jurisdiction. "[C]ourts should look to the substance of the filing rather than its label" in "determining the character of a pro se filing." *United States v. Antonelli*, 371 F.3d 360, 361 (7th Cir. 2004). Because Austin has asked the court to enforce his judgment against a nonparty, his request is properly construed as a motion for supplemental proceedings under Federal Rule of Civil Procedure 69(a). Rule 69(a)

allows successful litigants to collect on a judgment by using supplemental proceedings based on the procedures of the state in which the district court sits. See *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1223 (7th Cir. 1993). Supplemental proceedings under Rule 69(a) may be used "to collect a judgment from a third person not party to the original suit." *Yang v. City of Chicago*, 137 F.3d 522, 526 (7th Cir. 1998). So long as "'the additional proceeding does not inject so many new issues that it is functionally a separate case,'" the proceeding is within the district court's ancillary jurisdiction. *Id.* (quoting *Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997)). In *Yang*, we concluded that a plaintiff with a civil-rights judgment against Chicago police officers could use Rule 69(a) to enforce his judgment against the city, a nonparty indemnitor of the judgment debtor. *Id.* at 524, 526–27. A local indemnification law required Chicago to indemnify its officers if they had acted within the scope of their employment, and we held that the scope-of-employment issue may be determined during the supplemental proceeding. *Id*. Based on *Yang*, the district court had jurisdiction to consider Austin's indemnification claim.

On the merits, the district court's and the city's two reasons for preventing Austin from enforcing his judgment through indemnification are incorrect. The first reason they identified was the proposition that state law provides Austin with no right to have the city pay his judgment. That is incorrect. The indemnification statute in force at the time of the judgment, IND. CODE § 34-4-16.7-1 (1997), provided that a "governmental entity… shall … pay any judgment" if "the governing body" of the entity "determines that paying the judgment … is in the best interest of the governmental entity." We have held previously, in the context of Rule 69(a) proceedings, that this statute requires a municipality to pay for a judgment against one of its employees if (but only if) it has agreed to do so. *Kapitan v. City of Gary*, 12 F.3d 678, 680 (7th Cir. 1993); see also *City of Muncie v. Peters*, 709 N.E.2d 50, 56 (Ind. Ct. App. 1999). Fort Wayne, by its local ordinance, *has* agreed. It has chosen to "hold harmless" any employee from "any liability" if the employee acted "in good faith in the performance of duty." FORT WAYNE, IND. ORDINANCE § 31.05(B). Under this state law and local ordinance, Austin may pursue the city for indemnification by showing that Niblick was performing duties in good faith, and, as in *Yang*, that issue may be decided in supplemental proceedings.

Under the present version of the indemnification statute, IND. CODE § 34-13-4-1 (2015), (neither party addresses which version should apply) the city's obligation to pay judgments is even more plain. The new version largely eliminates a municipality's option to decline to pay the judgments of employees acting within the scope of employment. It provides that in a suit against a public employee, the public employer

"shall … pay … any judgment," unless it is for punitive damages, in which case indemnification remains voluntary. *Id.* (Indemnity is also not required if the city had no notice of the suit against the employee. *Id.* But the city's counsel appeared on behalf of the unnamed officers in this suit, and the city has not argued here that it lacked the opportunity to defend Niblick.) Accordingly, regardless of which version of the state law applies, the city must pay the judgments of covered employees.

The district court's and city's second reason for rejecting Austin's motion is also incorrect. They suggest that the city's ordinance indemnifies only state-law liabilities. But this argument is refuted by the text of the ordinance, which expressly covers "any" liability. Here is the full text:

> The city shall hold harmless any officer, employee or agent, or former officer, employee or agent, from any liability or damages if it is determined that the act or failure to act which gave rise to liability or damages was done in good faith in the performance of duty; provided, that this section shall have no application to any case where the city or state may bring an action against an officer, employee or agent, or former officer, employee or agent.

FORT WAYNE, IND. ORDINANCE § 31.05(B). And even if the ordinance were limited to state-law claims, the district court was wrong to think that it therefore did not apply to Austin's judgment, which was based on a complaint that included claims under state law.

The case must therefore be remanded, but we briefly address Austin's remaining two contentions. First, he contends that *respondeat superior* is a basis for municipal liability under § 1983. But his complaint did not allege that Niblick followed a custom or policy of the Fort Wayne Police Department, and he did not obtain a judgment against the city on that (or any other) basis. See *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Supplemental proceedings are not the proper forum for determining new substantive theories of liability. See *Lewis v. Rex Metal Craft, Inc.*, 831 N.E.2d 812, 817 (Ind. Ct. App. 2005); *Gallants Ins. Co. v. Wilkerson*, 720 N.E.2d 1223, 1229 (Ind. Ct. App. 1999). Second, Austin maintains that the city must pay for the judgment against Niblick because, he asserts, his attorney entered into a stipulation dismissing the other unnamed officers from the suit without his authority. That is an issue between Austin and his attorney, not the city.

We close with an observation about the remand. We have addressed only those arguments raised here and adopted by the district court; the parties are free to litigate other issues about the indemnity obligation. For example, if it is properly raised, the district court may consider the timeliness of Austin's motion, given that he filed it 19 years after the judgment was issued. We note that federal courts adopt the time limits specified in state law for proceedings under Rule 69(a). See *Dexia Credit Local v. Rogan*, 629 F.3d 612, 627 (7th Cir. 2010); *Andrews v. Roadway Express, Inc.*, 473 F.3d 565, 568 (5th Cir. 2006). And at least some Indiana authority treats supplemental proceedings as part of the original action and therefore not subject to the ten-year statute of limitations that otherwise governs "actions" on judgments. See IND. CODE § 34-11-2-11; *Lewis*, 831 N.E.2d at 821; but see *Borgman v. Aikens*, 681 N.E.2d 213, 219 (Ind. Ct. App. 1997) (concluding that party is barred from executing on judgment after ten years because such execution requires leave of court, see IND. CODE § 34-55-1-2 (formerly § 34-1-34-2), and requesting leave of court is an action on the judgment within the scope of § 34-11-2-11). Other issues that may arise on remand include which version of the indemnification statute applies and whether the city had an opportunity to defend Niblick, as required under the new statute.

The district court's order denying Austin's motion requesting that the City of Fort Wayne pay the judgment against Niblick is VACATED. The case is REMANDED for further proceedings consistent with this order.