Rovner, Circuit Judge, dissenting.
I agree with my colleagues that Robinett's entitlement to indemnification of his attorney's fees depends on the plain language of the statute. But in my view, the plain language of the statute clearly compels the government employer to cover Robinett's fees in this instance. Our review of the district court's interpretation of the Indiana statute is de novo . Estate of Moreland v. Dieter , 576 F.3d 691, 695 (7th Cir. 2009). "[T]he words in a statute must be given their plain and ordinary meaning unless otherwise indicated by the statute." Cubel v. Cubel , 876 N.E.2d 1117, 1120 (Ind. 2007). Moreover, "[t]he statute should be examined as a whole, avoiding both excessive reliance on strict literal meaning and selective reading of individual words." Id .
In light of that standard, it is best to begin by examining the statutory language in full. The code provides in its entirety:
Sec. 1. If a present or former public employee, including a member of a board, a committee, a commission, an authority, or another instrumentality of a governmental entity, is or could be subject to personal civil liability for a loss occurring because of a noncriminal act or omission within the scope of the public employee's employment which violates the civil rights laws of the United States, the governmental entity (when the governmental entity defends or has the opportunity to defend the public employee) shall, subject to IC 34-13-3-4, IC 34-13-3-14, IC 34-13-3-15, and IC 34-13-3-16, pay:
(1) any judgment (other than for punitive damages) of the claim or suit; or
(2) any judgment for punitive damages, compromise, or settlement of the claim or suit if:
(A) the governor, in the case of a claim or suit against a state employee; or
(B) the governing body of the political subdivision, in the case of a claim or suit against an employee of a political subdivision;
determines that paying the judgment for punitive damages, compromise, or settlement is in the best interest of the governmental entity. The governmental entity shall also pay all costs and fees *883 incurred by or on behalf of a public employee in defense of the claim or suit.
Ind. Code 34-13-4-1.[1]
When presented as a whole, it is easy to see that the statute applies certain conditions precedent to (1) the mandate to pay a judgment (other than punitive damages); and (2) the optional payment of punitive damages, or compromise or settlement of the claim or suit (hereafter "punitive damages"). Before a governmental unit will pay a non-punitive judgment or punitive damages for the act of a public employee who "is or could be subject to personal civil liability," the loss must have occurred (1) because of a non-criminal act or omission; (2) within the scope of the public employee's employment; and (3) in violation of the civil rights laws of the United States. Once these conditions are met, indemnification of the employee for a compensatory damages judgment is mandatory, and for punitive damages is subject to further conditions (presented in subsections (2)(A) and (B) ).
Set apart from these conditions precedent is the final obligation of the governmental entity towards its employee who "is or could be subject to personal civil liability," namely, the duty to "also pay all costs and fees incurred by or on behalf of a public employee in defense of the claim or suit." Had the legislature intended to impose the same conditions precedent on the obligation to pay costs and fees that it did on the duty to pay damages, it would have listed fees and costs as subsection (3) in its enumeration of amounts to be covered by the governmental entity. It did not. It listed the duty separately and broadly, without similar limitations.
The majority hangs its interpretation on the word "also," a rather heavy load for such an unassuming word. In this context, where it would have been so easy to list fees and costs under a third enumeration, making clear that the conditions precedent applied to that particular obligation, I find it too onerous a burden for the word "also" to carry. "Also" may simply mean "in addition; too; besides; as well." Webster's Unabridged Dictionary of the English Language, RHR Press (2001). And in light of the structure of the statute, that is the more natural reading. My colleagues emphasize an alternate meaning of the word "also"-one connoting "and subject to the same conditions set forth previously." This reading fails to analyze the statute as a whole and instead employs a "selective reading of individual words," an approach to statutory interpretation that the Indiana Supreme Court has expressly rejected. Cubel , 876 N.E.2d at 1120. The majority also says that "[t]here is no textual justification to wall off costs and fees from the rest of the statute." But there is: the fees provision comes not as the third subsection, but after a period, a "full stop," as the British say.
By setting out this obligation separately, the legislature did a perfectly natural thing: it took up the burden of covering costs and fees for representing public employees who are hauled into court because of their public employment, as happened here. And fees are paid not only for the guilty employee but also for the innocent, the person who is sued under the civil rights laws solely because of his public employment, who "is or could be subject to personal civil liability." The language employed here is similar to that used in insurance policies where the insurer's duty to defend is more broad than its duty to indemnify for damages. See e.g. , Home Federal Sav. Bank v. Ticor Title Ins. Co. , 695 F.3d 725, 730-31 (7th Cir. 2012) (finding a duty to defend in an insurance policy *884 that covers not only actions to enforce liens but "attempted enforcement" of a lien as well). In such cases, the "duty to defend depends on what the claimant alleges, not the ultimate merit or lack of merit of the claim." 695 F.3d at 731. That the employee here successfully defended on the ground that he was not acting under color of state law or within the scope of his public employment is irrelevant. What matters is that he was sued as a public employee who "could be " subject to liability under a statute that applies only to public employees.
His defense, by the way, also benefitted his public employer, who would have been on the hook at least for any compensatory damages and possibly for punitive damages had the plaintiff been successful. Nothing in the statute ranks defenses. Robinett was found not liable because he successfully convinced a court that he was not acting under color of state law, but he well could have been liable. The color-of-law analysis in this case is a closer call than it appears at first glance. Anders went to Robinett not only as a friend but as a person who could identify a police-placed tracking device for what it was. And Robinett responded using knowledge that he likely gained as a police officer, confirming that the device was what Anders suspected it to be. Robinett even directed Anders to place the device back on his car and to leave his former wife (who had a protective order) alone, acts a police officer might well take in the scope of his employment and under color of state law. Granted, a competent police officer who was fully aware of the situation would also have alerted the department that Anders knew he was being tracked and had the ability to remove the device or otherwise evade detection. In any case, the questions of scope of employment and color of state law required litigation through discovery and all the way to summary judgment in this case, subjecting Robinett to extensive attorney's fees solely because he was a public employee. This is just the type of case the legislature likely meant to cover with its promise of indemnification for fees for its public employees.
Neither Kapitan nor Estate of Moreland support the reading suggested by the majority. Kapitan interpreted a prior version of the statute that made indemnification of the judgment entirely voluntary. Where the duty to pay the judgment was voluntary, we said only that, "[a]s we read the statute, payment of costs and legal fees follows from the decision to indemnify the substantive liability; a governmental entity that decides not to indemnify also need not pay these ancillary expenses." Kapitan v. City of Gary, Ind. , 12 F.3d 678, 680 (7th Cir. 1993). The statute now mandates indemnification of non-punitive damages. Nothing in Kapitan addressed the issue here of whether fees are covered only for acts taken within the scope of employment and not for acts alleged but not successfully proved to be taken within that scope. Estate of Moreland actually supports the reading that I suggest, finding that the "could be subject to personal civil liability" language covers innocent employees who successfully defend claims. Estate of Moreland , 576 F.3d at 699.
Robinett's successful defense of this claim benefitted the City of Indianapolis to Robinett's detriment. The record reveals that Robinett held a second job at the local Olive Garden restaurant. Whatever this suggests about the pay scale for Indianapolis police officers, it tells us that Robinett is probably ill-equipped to pay more than $20,000 in attorney's fees and costs that he incurred defending himself against the civil rights charges leveled against him as a police officer. The plain language of the statute directs the City of Indianapolis to *885 indemnify Robinett for the fees he incurred here. I respectfully dissent.

IC 34-13-3-4, IC 34-13-3-14, IC 34-13-3-15, and IC 34-13-3-16 are not relevant here.