## CITY OF NEW ALBANY v. WHITEMAN.

[No. 368S49. Filed March 8, 1968. Rehearing denied
April 25, 1968.]

*Robert A. Kelso,* of New Albany, for appellant.

*Evan A. McLinn* and *A. Eugene Hancock,* of New Albany,
for appellee.

ARTERBURN, J.—This case comes to us on transfer from the Appellate Court under Acts 1901, ch. 247, § 10, p. 565; 1933, ch. 151, § 1, p. 800, being Burns' Ind. Stat. Anno. § 4-215 [1946 Repl.]. See 221 N. E. 2d 681 for opinion of Appellate Court.

The appellee, Whiteman, a police officer of the City of New Albany, was charged with immoral conduct unbecoming an officer of the Police Department, to-wit: having unlawful carnal intercourse with a married woman. After a hearing conducted by the Board of Public Works and Safety of the City of New Albany, the Board found the charges were true and appellee was dismissed from the force and his pay stopped as of June 30, 1964. Appellee Whiteman asked for a judicial review before the Floyd Circuit Court, and after a trial the court entered the following judgment:

"And now upon said Special Findings of Fact and Conclusions of Law, IT IS CONSIDERED, ORDERED AND ADJUDGED by the Court, that the findings and decision of the Board of Public Works and Safety of the City of New Albany, Indiana, be and the same is hereby affirmed in regard to the finding that Patrolman Whiteman is guilty of violation of rules, immoral conduct, and conduct unbecoming an officer of the New Albany Police Department, as charged.

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED by the Court, that the punishment meted out by the said Board be and the same is hereby *modified*, in that, instead of being dismissed from the force, Patrolman Whiteman be and he hereby is punished by a forfeiture of three months pay amounting to the sum of $1,170.00, however, the City of New Albany, Indiana, is ordered to pay all other pay that would have been paid to Patrolman Whiteman since the 30th day of June, 1964, amounting to the sum of $1,380.00.

"IT IS FURTHER CONSIDERED, ORDERED AND ADJUDGED by the Court, that Patrolman Whiteman be and he is reinstated as a patrolman of the New Albany Police Department, effective as of the 30th day of June, 1964.

"The Court orders the City of New Albany, Indiana, to pay costs, taxed at $15.95.

"(s) Paul J. Tegart, Judge." (Emphasis added)

The special findings of fact made by the trial court supported the action of the Board of Public Works in every particular, including a finding that the two charges brought on June 30, 1964 were true. Conclusions of law number 2 of the trial court specifically stated:

"That Patrolman Paul Whiteman is guilty of the conduct charged by the Chief of the New Albany Police Department, and as to the guilt of Patrolman Whiteman, and finding of the said Board should be affirmed."

However, the trial court then stated that the punishment was "too drastic" and accordingly modified the punishment fixed by the Board of Public Works by ordering suspension for only three months and reinstatement with back pay.

Burns' Ind. Stat. Anno. § 48-6105 [1963 Repl.] provides for such "appeals" from the Board of Public Works to a trial court and states that the order of the Board of Public Works may be "modified" by the court.

The sole question before us then is: What is the extent of review by a judicial department of actions of an administrative body where a so-called "appeal" is taken to a trial court?

The basic case of *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, which holds that strictly speaking, there is no "appeal" from an administrative order to the courts, but only a judicial review to determine whether or not the administrative board has stepped outside its fixed authority or jurisdiction or there is no substantial evidence to support its finding, or it has acted arbitrarily and capriciously from the evidence presented. This has been the law for some time in Indiana and was reviewed in a case similar to this in a so-called "appeal" involving the suspension of a police officer.

See *City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 443, 199 N. E. 2d 703, 710, where this Court stated:

"Consistent with the rule above enunciated, on review of an administrative act or order where the court is said to hear the matter *de novo*, the burden is on the complainant to establish the invalidity of the administrative action and, in doing so, the trial court may not merely substitute its judgment for that of the administrative body. It may not interfere with the exercise of the discretionary authority of that body, unless it is made to appear that it acted in the exercise of that discretion in an arbitrary, capricious, fraudulent, or otherwise illegal manner." (Citing cases.)

In *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 5 N. E. 2d 501 the court said that we will not undertake to control the discretion of such boards in making orders in the administration of the affairs of the state so long as it appears that the evidence before the administrative board is sufficient to support the findings and there is no illegality shown in their actions.

Appellee makes considerable contention about the wording of the statute which purports to authorize the trial court "to modify" the decision of the administrative board. When the statute for review of administrative actions is too broad, so as to grant the judicial department purported authority to interfere with the executive or administrative department, this Court has many times held such purported legislation invalid to the extent that it grants such unconstitutional powers to the courts.

In *State ex rel. Pub. Serv. Comm.* v. *Boone C. C., etc.* (1956), 236 Ind. 202, 138 N. E. 2d 4 (rehearing denied, 139 N. E. 2d 552), we stated that notwithstanding the provisions of a statute which purported to give a trial court the right to review the actions of a Public Service Commission by a trial *"de novo,"* the constitutional rule still prevailed that a judicial review and not an appeal or new trial took place. At page 211 of 236 Ind. 202 and at page 8 of 138 N. E. 2d 9, we stated:

" '. . . [A] review or appeal to the courts from an administrative order or decision is limited to a consideration of whether or not the order was made in conformity with proper legal procedure, is based upon substantial evidence, and does not violate any constitutional, statutory, or legal principle. . . .' "

In *Pub. Serv. Comm. et al.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308, we held there was, strictly speaking, only a "judicial review" of the order of the Public Service Commission, which review by the trial court determined whether or not the order of the commission was supported by substantial evidence and was within its jurisdiction. In that case we said at page 84 of 235 Ind. 70, and at page 313 of 131 N. E. 2d 308:

"The trial court has no power to hear the statutory 'appeal *de novo*' in the common law sense and weigh the evidence or arrive at its own independent opinion or judgment."

In the case before us the trial court made no finding that the administrative body, the Board of Public Works and Safety, acted arbitrarily or capriciously in fixing the punishment. In fact, it could not have made such a finding, since there was no evidence presented that the action of the Board of Public Works was arbitrary or capricious. However, in its conclusions of law, it made the statement that in its judgment, the punishment meted out by the Board was "too drastic." This is purely a substitution of the trial court's judgment for that of an administrative board—the substitution of the judgment of the judicial department for the judgment of the executive department acting through an administrative board. To hold that the trial court, in its own discretion, without a finding supported by evidence of an arbitrary and capricious ruling by an administrative board, may modify and change the punishment fixed by an administrative board would, in fact, turn over to the courts and the judicial department the matter of disciplining a policeman, which, under the constitution, belongs to the executive department of the government.

If the judicial department, through the trial courts, may, in its discretion, fix the punishment and regulate a police department, the administrative or police board becomes merely an advisory body which would be dominated in its administrative action by the judge of the trial court. If such were a valid principle of constitutional law, then it would follow that a court, in an appeal in a rate case from a Public Service Commission, would have a right, in its own discretion, to fix the rates instead of merely determining whether the rates were confiscatory or not, and leaving the ultimate decision to the administrative board.

For the reasons stated, this cause is transferred to this Court, and the judgment of the trial court is reversed, with directions to affirm the action of the Board of Public Works and Safety of the appellant-city.

Mote and Hunter, JJ., concur. Lewis, C. J., not participating. Jackson, J., dissents.

NOTE.—Reported in 234 N. E. 2d 646.