CITY OF MARION v. ANDREW ALVAREZ.

[No. 870A144. Filed February 10, 1972.]

134

*Charles E. Herriman, Gemmill, Brown, Torrance, Sisson & Morin,* of Marion, *George B. Gavit, Ice, Miller, Donadio & Ryan,* of Indianapolis, for appellant.

*Stephen Johnson, Frank J. Biddinger, Biddinger & Johnson,* of Marion, for appellee.

SULLIVAN, J.—This case comes before us on appeal from the Grant Circuit Court involving a review of a determination by the City Board of Works and Public Safety. The reviewing Court set aside the Board's action discharging Appellee Alverez from the Marion Police Department, and instead imposed a retroactive but temporary suspension.

The main thrust of appellant-City's argument involves a consideration of IC 1971, 18-1-11-3, being Ind. Ann. Stat. § 48-6105 (Burns 1964), which insofar as pertinent reads as follows:

\*\*\*\*\*

". . . If the court finds that the action or decision of the board appealed from should not be affirmed in all things, then the court shall make a general finding, setting out, however, sufficient facts to show the nature of such proceeding and the court's decision thereon, and shall render judgment either reversing the decision of the board, or

ordering the same to be modified as the court shall find and adjudge to be proper. . . ."

Appellee-Alvarez had been a policeman for the City of Marion for approximately two years. On November 24, 1969, Alvarez had fallen asleep while guarding a prisoner. The record shows that just prior to this occurrence, Alvarez had taken medication known for its propensity to induce drowsiness. The labels on the bottles introduced as exhibits clearly put Alvarez on notice that drowsiness could (and most likely would) occur. In spite of this, Alvarez took the medication and failed to advise any superior officers that he had done so. After the incident, Alvarez was ordered to appear before the Board of Works and Public Safety (hereinafter referred to as the "Board"). Following a hearing, the Board discharged Alvarez from the police department. Alvarez requested judicial review of the Board's decision pursuant to IC 1971, 18-1-11-3, *supra*. He alleged that the Board's decision was illegal, arbitrary, capricious and fraudulent; that the decision was not supported by sufficient evidence, and that he was not given a fair and impartial hearing by the Board. The trial court, or court of review as it functioned here, granted Alvarez' motion for judgment on the pleadings and held:

"1. That the pleadings and record herein reveal that on the 24th day of November, 1969, the Plaintiff, ANDREW ALVAREZ, while on duty and guarding a prisoner, was in fact ill, that the Plaintiff had taken medications on several occasions that date; and that said medications caused his drowsiness and brief period of unconsciousness.

"2. That the decision and punishment of the Board of Public Works and Safety of the City of Marion, Indiana, was too harsh pursuant to the surrounding circumstances and evidence herein and that no legal cause existed which bore a legal relationship to the fitness of the Plaintiff, ANDREW ALVAREZ, from continuing his employment and position as an officer of the Marion Police Department or his capacity to discharge his duties as a Police Officer that would warrant his dismissal from the Marion Police Department.

"3. The Court further finds that the decision of the Board of Public Works and Safety of the City of Marion, Indiana, entered on the 23rd day of December, 1969, dismissing Plaintiff, ANDREW ALVAREZ, from the Marion Police Department, effective the 24th day of November, 1969, be modified for the reason that the same was arbitrary and capricious.

"The Court further finds that for the Plaintiff's neglect of duty and his failure to apprise a superior officer that he was ill and had taken medications on the 24th day of November, 1969, that the Plaintiff, ANDREW ALVAREZ, should be punished by suspension of his duties from the Marion Police Department for a period of twenty-nine (29) days, without pay, from the Marion Police Department, beginning November 24, 1969, and ending December 22, 1969.

"IT IS, THEREFORE, ORDERED AND DECREED, that the decision of the Board of Public Works and Safety of the City of Marion, Indiana, as entered on December 23, 1969, be modified; that the dismissal from the Marion Police Department should be and is hereby vacated and set aside and Plaintiff, ANDREW ALVAREZ, shall be suspended from his duties as a Police Officer of the Police Department of the City of Marion, Indiana, for a period of twenty-nine (29) days, beginning November 24, 1969, and ending December 22, 1969, without pay; that the Plaintiff, ANDREW ALVAREZ, should be and is hereby reinstated as a member of the Marion Police Department of the City of Marion, Indiana, effective December 23, 1969, and the Court further finds that the Plaintiff, ANDREW ALVAREZ, is entitled to receive all salary, wages and/or other allowances owing and due him from the date of December 23, 1969, and does hereby order the City of Marion, Indiana, to pay same to Plaintiff instanter from appropriate funds of the City of Marion, Indiana."

Because of our treatment of the City's principal argument, we do not concern ourselves with other assertions of error. Such argument by the City is that the Grant Circuit Court, in a judicial review of an administrative decision, may not, as it did, substitute its own judgment for that of the Board as to whether Alvarez should be discharged or merely suspended, without making findings of fact to support the court's conclusion that the discharge was too harsh.

## THE REVIEWING COURT ABUSED ITS DISCRETION IN PURPORTING TO MODIFY THE DECISION OF THE ADMINISTRATIVE BOARD

The basic question before us is to what extent a court may review the decision of an administrative body, pursuant to IC 1971, 18-1-11-3, *supra,* and after conceding the findings of the Board to be substantially correct, modify the disciplinary action taken by said Board?

The question was answered in *New Albany* v. *Whiteman* (1968), 250 Ind. 333, 234 N. E. 2d 646, wherein a New Albany, Indiana, policeman was brought before the Board of Public Works and Safety of the City of New Albany on a charge of immoral conduct. The Board found the charges substantiated and dismissed the officer from the police force. The reviewing court supported the Board's findings but "modified" the punishment imposed by the New Albany Board, saying that the punishment was "too drastic."

The Indiana Supreme Court held that the trial court was incorrect when it substituted its own judgment for that of an administrative board. The court stated that a reviewing trial court may not, "without a finding supported by evidence of an arbitrary and capricious ruling by an administrative board," preempt that Board's function by changing the punishment imposed as a result of the administrative hearing, and added:

"If the judicial department, through the trial courts, may, in its discretion, fix the punishment and regulate a police department, the administrative or police board becomes merely an advisory body which would be dominated in its administrative action by the judge of the trial court. If such were a valid principle of constitutional law, then it would follow that a court, in an appeal in a rate case from a Public Service Commission, would have a right, in its own discretion, to fix the rates instead of merely determining whether the rates were confiscatory or not, and leaving the ultimate decision to the administrative board." 250 Ind. 333, 338.

Concerning the case before us, the reviewing trial court found consistent with the Board's determination that Alvarez had taken medication which induced drowsiness which ultimately resulted in the act for which Alvarez was discharged. The trial court did not find that the Board acted arbitrarily or capriciously in making such finding. If it had done so, the reviewing trial court may have been within its province— judicial *review*—as opposed to judicial determination *de novo*. *New Albany* v. *Whiteman, supra. See Public Service Commn.* v. *Boone Circuit Court* (1956), 236 Ind. 202, 138 N. E. 2d 4; *Public Service Commn.* v. *City of Indianapolis* (1956), 235 Ind. 70, 131 N. E. 2d 308.

In any event, the "judicial review" here should have been limited to the trial court's consideration whether or not the Board adhered to proper legal procedure, made a finding or findings based on substantial evidence, and in doing so did not violate any constitutional or statutory provisions. *New Albany* v. *Whiteman, supra; City of Evansville* v. *Nelson* (1964), 245 Ind. 430, 199 N. E. 2d 703; *Public Service Commn.* v. *Boone Circ. Ct., supra.*

In connection with this principle, the Indiana Supreme Court in *City of Evansville* v. *Nelson, supra,* stated at 245 Ind. 430, 443:

". . . [O]n review of an administrative act or order where the court is said to hear the matter *de novo,* the burden is on the complainant to establish the invalidity of the administrative action and, in doing so, the trial court may not merely substitute its judgment for that of the administrative body. It may not interfere with the exercise of the discretionary authority of that body, unless it is made to appear that it acted in the exercise of that discretion in an arbitrary, capricious, fraudulent, or otherwise illegal manner. (Citations omitted)"

We conclude that the trial court, abused its review discretion and usurped the province of the executive branch of government. While acquiescing to the findings of the Board

of Public Works and Safety, the court below clearly substituted its own judgment for the Board's punitive decision. In effect, the trial court drew a conclusion without support other than by the very evidence the Board used in support of its action. More specifically, the trial court concluded erroneously that reasonable men could not disagree that the Board arrived at its decision capriciously and arbitrarily.

The decision of the Grant Circuit Court being contrary to its statutory prerogative, is hereby reversed, and the decision of the Marion City Board of Public Works and Safety is reinstated.

White, P.J. and Buchanan, J., concur.

NOTE.—Reported in 277 N. E. 2d 916.