CITY OF GARY *v.* GLEN R. GAUSE.

[No. 3-1272A97. Filed October 31, 1974. Rehearing denied December 9, 1974. Transfer denied May 27, 1975.]

*J. Robert Miertschin, Jr.,* City Attorney, *Charles A. Ruckman,* Corporation Counsel, of Gary, for appellant.

*Frederick T. Work, Hamilton L. Carmouche,* of Gary, for appellee.

HOFFMAN, C.J.—This is an appeal from a judgment of the Lake Superior Court reversing the decision of the Police Civil Service Commission (Commission) which had previously dismissed appellee Glen R. Gause following a full hearing on certain charges; and ordering that appellee-Gause be reinstated as a member of the Gary Police Department and paid all wages owing to him.

An examination of the record before us discloses that on January 7, 1971, Charles Boone, Chief of Police of the Gary Police Department of Gary, Indiana, filed formal charges against Officer Glen R. Gause which read, in part, as follows:

"Gentlemen:

"In accordance with the laws of the State of Indiana and the Police Civil Service Commission Rules pertaining to Dismissals, Suspensions and Punishments, I, Charles Boone, Chief of Police of the Police Department of Gary, Indiana, hereby prefer charges against Officer Glen R. Gause of the Gary Police Department.

"These charges are the following:

"1. Violation of the following Disciplinary Rules of the Police Civil Service Commission:

A. Disciplinary Rule No. 2, viz., conduct unbecoming a police officer.

B. Disciplinary Rule No. 3, viz., immoral conduct.

"2. Violation of the following statutory standards of conduct for police officers:

A. Neglect of duty by failing to enforce that portion of General Rule No. 2 of the Gary Police Department which reads as follows:

'All officers shall be held responsible for conditions on their beats and it is their duty to see that the laws are enforced.'

    B.  Immoral conduct.

    C.  Conduct injurious to the public welfare.

    D.  Conduct unbecoming an officer."

A hearing was subsequently conducted on the above stated charges and on March 31, 1971, the Commission entered its order dismissing appellee-Gause from the Gary Police Department and suspending four other officers for seven days. Such order read, in pertinent part, as follows:

"Pursuant to the laws of the State of Indiana, a hearing was held before this body on the charges entered of record in the minutes of the Commission against the following officers of the Gary Police Department: Officer Alonzo Duncan, Jr., Officer Robert Gant, Officer Glen R. Gause, Officer Willie R. Turley and Officer George W. Woods.

"On Friday, December 11, 1970, at approximately 8:30 P.M., said officers entered the restaurant and gambling room operated by one Eddie Martin, at 1629 Adams Street, Gary, Indiana. In the presence of 4 of said officers, Officer Glen R. Gause made an extortion demand upon Eddie Martin. In response to said extortion demand of Glen R. Gause, and in the presence of the 4 other officers, Eddie Martin gave Officer Gause the sum of Forty ($40.00) Dollars. This money was paid Officer Gause as a result of Gause's threat to Eddie Martin that he and the other 4 police officers would tear up Martin's place of business, under the color of their office as policemen, if the money was not paid. Even though this extortion by Officer Gause was made in the presence of the 4 other said police officers, no police report of this incident was made by any of said officers to any superior officer.

"WHEREFORE, the Gary Police Civil Service Commission finds all of said officers guilty as charged of the violation of the Rules and Regulations of the Gary Police Civil Service Commission and Gary Police Department in the following particulars:

    1.  That they engaged in conduct unbecoming a police officer.

    2.  That they engaged in immoral conduct.

3. That they neglected their duty by failing in their responsibility to enforce the laws of the State of Indiana, and for the conditions existing on their beats.

4. That they engaged in conduct injurious to the public welfare."

On April 2, 1971, appellee filed a verified complaint in the Lake Superior Court appealing his discharge. On May 9, 1972, the trial court entered its special findings of fact and conclusions of law and ordered appellee reinstated effective March 31, 1971. In addition, it was ordered that appellee be paid all back wages. On July 7, 1972, the City of Gary timely filed its motion to correct errors and motion for stay of proceedings to enforce a judgment. On October 3, 1972, the trial court denied the City's motion to correct errors but sustained the City's motion for stay of proceedings to enforce a judgment, as to appellee's right to collect his salary and wages pending disposition of this appeal. Thereafter, the instant appeal was perfected.

The first issue to be considered is whether the decision of the Commission was supported by substantial evidence. Appellant's argument that the trial court erred in reversing the decision of the Police Civil Service Commission is made in reference to the following Findings of Fact Nos. 7 and 8:

"7.

"That there was not substantial evidence before the Police Commission to sustain its findings and action in dismissing the plaintiff from the Police Department.

"8.

"That in view of the lack of substantial evidence to support its finding and order, the decision of the Commission was arbitrary, capricious and contrary to law.",

and Conclusion of Law No. 4,

"4. That there was a lack of substantial evidence to support the findings of the Gary Police Civil Service Commission that plaintiff was guilty of the charges."

Appellant asserts that it is incumbent upon this court to review the evidence presented to the Commission and arrive at an independent evaluation as to whether there was substantial evidence to support the administrative decision.

Determination of the present issue hinges initially upon the proper scope of review to be employed by the trial court and the Court of Appeals. IC 1971, 18-1-11-3, Ind. Ann. Stat. § 48-6105 (Burns Supp. 1974), provides that an appeal from an order dismissing a policeman shall be heard by the trial court *de novo*. However, it has been held that this is not literally true. Our Supreme Court in *City of Mishawaka* v. *Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65, at 68-69, stated that:

> "This has been held to mean, not that the issues at the hearing before the board are heard and determined anew; but rather that new issues are formed and determined.

> " '* * * a review or appeal to the courts from an administrative order or decision is limited to a consideration of whether or not the order was made in conformity with proper legal procedure, is based upon substantial evidence, and does not violate any constitutional, statutory, or legal principal. * * *' State ex rel. Public Service Commission v. Boone Circuit Court, etc. (1956), 236 Ind. 202, 211, 138 N.E.2d 4, 8.

> "Insofar as the findings of fact by an administrative board are concerned, the reviewing court is bound by them, if they are supported by the evidence. It may not substitute its judgment for that of the board. Kinzel v. Rettinger (1972), [151] Ind. App. [119], 277 N.E.2d 913."

An examination of the evidence before the Commission, for the purpose of determining whether there was substantial evidence to support its finding, reveals that on the evening of December 11, 1970, Eddie Martin received a call from his wife to "come down" to his restaurant that "[y]ou got some police here." When he arrived, the police officers charged in these proceedings were in his restaurant and Martin recognized appellee Officer Gause and Officer Turley. Martin testi-

fied that Officer Gause said, "I got to have some money, and my boss, too", after which Martin handed him four ten dollar bills. After threatening to "tear [Martin] up", Gause returned on December 14, 1970, at which time he demanded and received $100.

Martin's wife, who was present during both incidents, gave substantially the same account of the incidents. Since all testimony was in basic agreement regarding the presence of the officers in Martin's establishment, the factual question narrows to why the officers originally went there. Gause testified that all of the men involved were at his house after duty and decided on their own to conduct a gambling raid. Although there were no orders for these men to conduct such a raid, they thought they were "doing the community a service." Testimony also disclosed that no written report was filed by any of the officers subsequent to the raid. Officer Gause denied taking $40 and $100 from Martin on the two days in question.

Thus, this court is confronted with an irreducible conflict between whether Gause and the other officers were present in Martin's restaurant for a "shakedown" or as part of a legitimate police gambling raid.

Although *City of Mishawaka* v. *Stewart* (1973), 291 N.E. 2d 900, was reversed by our Supreme Court,[1] factual similarities between that case and the one at bar necessitate application of the decision of this court regarding findings of fact, which survived reversal and remain good law.

In *Stewart* the trial court was faced with a fundamentally similar situation in which a fire department officer was dismissed on the basis of testimony of two brothers whose statements to investigators and to the Board were inconsistent. Therein the trial court, in its findings of fact, stated that

[1]. Justice Prentice adopted the opinion of this court as to certain procedural requisites in perfecting an appeal to the Court of Appeals (Issue I), and reversed only on due process grounds arising from the city attorney's activities in framing charges against appellant and then voting on the question of guilt or innocence (Issue II). (310 N.E.2d 65.)

"there was a lack of substantial evidence upon which the Respondent's Board predicated its finding the petitioner knowingly received stolen property. * * *." *Id.*, at 904 of 291 N.E.2d. This court responded as follows:

> "The testimony of the White brothers was relevant and material. The trial court chose to disregard such testimony because of the credibility of the witnesses. The credibility of witnesses and the weight to be given their testimony is, however, a question for the trier of fact, which in this case was the Board of Public Works and Safety. The trier of fact could believe all, none or any part of the testimony of the witnesses. State v. Monninger, 243 Ind. 174, 182 N.E. 2d 426 (1966) [1962].
>
> "The fact that the White brothers had given a prior inconsistent statement to police officers only goes to the weight to be given their testimony. It does not render the testimony before Board nugatory as a matter of law.
>
> "The trial court seems to have confused the concept of substantial evidence with the concept of credibility. The evidence against Stewart was substantial if the testimony of the White brothers was accepted as true. The Board, as the trier of fact, chose to believe the testimony of the Whites in spite of the prior inconsistent statements. Neither this court, nor the trial court in this case, is permitted to substitute its judgment for that of the trier of fact."

Similarly, the evidence against Officer Gause and the others is substantial if the testimony of Mr. and Mrs. Martin is accepted as true. The Commission heard the inconsistencies in the Martins' testimony, yet nevertheless found them to be credible witnesses.

Therefore, it can only be concluded that the Commission's decision was based upon substantial evidence and the trial court violated the Commission's province as sole fact finder by determining otherwise.

The next issue presented is whether there was substantial evidence to distinguish between the differing disciplinary measures meted out to appellee-Gause and the remaining officers.

Appellant contends that the Commission's disciplinary measures cannot be altered unless evidence before the trial court shows that punishment is arbitrary and capricious. *New Albany* v. *Whiteman* (1968), 250 Ind. 333, 234 N.E.2d 646. It is also asserted that appellee has not fulfilled his burden of so proving; and, as a consequence the different disciplinary dispensation is proper.

The Commission had before it probative evidence that all the officers involved were meeting at Gause's residence prior to the "raid." It was Gause who spoke to Martin in the back room and accepted the money. Furthermore, it was Gause who returned alone to Martin's restaurant to demand and accept more money. Therefore, it must be concluded that the trial court abused its discretion on review by ruling, in effect, that "reasonable men could not disagree that the Board arrived at its decision capriciously and arbitrarily." *City of Marion* v. *Alvarez* (1972), 151 Ind. App. 133, 277 N.E.2d 916, 919. The discipline of policemen is within the province of the executive branch of government, not the judicial, and the Commission was acting within the scope of its authority when it found there was sufficient evidence of misconduct by appellee-Gause to warrant his dismissal. Since reasonable men could disagree as to whether the Commission's decision was arbitrary and capricious, the trial court is precluded from substituting its judgment.

The final issue to be considered is whether participation in the proceedings before the Commission of Mr. Daniel Kuzman, an independent attorney acting as legal adviser for the Commission, and two special deputy city attorneys who presented evidence and examined witnesses during the hearing before the Commission violated appellee's constitutional right of due process.

The trial court found in its conclusions of law that the participation of attorney Kuzman and special city attorneys in the proceedings before the Commission abridged Gause's rights of due process and equal protection.

Since the record is silent as to how Gause was prejudiced by the participation of Kuzman and special city attorneys, the issue to be resolved is whether their participation is a *per se* violation of Gause's constitutional safeguards.

In *City of Mishawaka* v. *Stewart, supra* (1974), 261 Ind. 670, 310 N.E.2d 65, our Supreme Court noted that proceedings before administrative bodies are not subject to all of the procedural safeguards afforded by judicial proceedings. However, the court in *Stewart* held that procedural standards "should be at the highest level that is workable under the circumstances", (*Id.*, at 68 of 310 N.E.2d) and further emphasized that "the fact finding process should be free of suspicion or appearance of impropriety." (*Id.*, at 69 of 310 N.E.2d.)

In *Stewart* the court found that when one functions in an adversary capacity and then votes on the question of innocence or guilt, the fact finding process has been contaminated and is not attuned to the degree of impartiality reasonably obtainable. In so holding, our Supreme Court tacitly overruled *Guido* v. *City of Marion* (1972), 151 Ind. App. 435, 280 N.E. 2d 81, which held that the presentation of evidence by the Assistant City Attorney was not violative of due process rights when the City Attorney was a member of the tribunal.

An examination of the record in the instant case discloses no real or apparent conflict on the part of Kuzman or the Special City Attorneys. The mere allegation that the Commission was "influenced" by this participation in the proceedings does not exclude the procedure from the parameters of acceptability delineated in *Stewart* where there is an absence of any demonstration that the attorneys took part in the Commission's decision. Although Kuzman discussed the evidence from his notes and gave explanations of law, he did not at any time comment on the innocence or guilt of the police officers; vote on any question before the Commission or intimate to the Commission any recommendations.

Moreover, the proposition that the Special City Attorneys in the instant case were acting within their proper scope of authority is confirmed by the case of *City of Mishawaka* v. *Stewart, supra,* wherein at 678 of 261 Ind., at 69 of 310 N.E.2d, our Supreme Court stated that:

> "The city attorney is required by statute to be the legal adviser of all the city's departments and officers. He is required to conduct all legal proceedings authorized by the act establishing the office, including those necessary or advisable for the protection or enforcement of the rights of the city or of the public. Burns § 48-1801, IC 18-1-6-13. The city attorney, in such capacity represented the complaining party, the City Fire Department, acting through its chief.
>
> "Although denominated a 'hearing', by statute such proceedings in essence are trials. They are adversary proceedings, and the city attorney is the advocate for the interests opposing the employee under charges. In this case, the city attorney framed the charges, subpoenaed the witnesses, conducted the cross-examination, and consulted with and heard the recommendation of the fire chief. Of this we have no criticism. He was functioning properly and effectively as the fire department's advocate."

Thus, it must be concluded that in the present case appellee was afforded the highest level of procedural standards workable under the circumstances. Accordingly, the judgment of the trial court which reversed and vacated the decision of the Police Civil Service Commission and ordered that appellee Glen R. Gause be reinstated and paid back wages is hereby reversed.

Reversed.

Garrard and Staton, JJ., concur.

NOTE.—Reported at 317 N.E.2d 887.