**George J. HARDESTY, Appellant (Plaintiff Below),**

**v.**

**Sheriff Dean BOLERJACK et al. [Sheriff Ralph H. DeMeyer, Sheriff William Richardson] \*, Appellees (Defendants Below).**

**No. 3–681A160.**

Court of Appeals of Indiana, Third District.

Sept. 30, 1982.

Rehearing Denied Nov. 5, 1982.

---

\* Brackets: Parties in order of substitution.

Fred R. Jones, Goodrich, Jones & Huff, Plymouth, for appellant.

William H. Albright, William H. Albright, P.C., Robert J. Konopa, May, Ober-fell, Helling, Lorber, Campiti & Konopa, South Bend, for appellees.

HOFFMAN, Presiding Judge.

On June 1, 1977, St. Joseph County Sheriff Dean Bolerjack suspended Corporal George J. Hardesty from the St. Joseph County Police Department pending investigation of alleged violations of established rules and regulations.[1] In addition, Bolerjack filed written charges with the St. Joseph County Sheriff's Merit Board (the Board) seeking the suspension, demotion, or discharge of Hardesty. At the conclusion of several hearings on these charges, the Board directed Bolerjack to discharge Hardesty from his position with the department. The St. Joseph County Superior Court subsequently affirmed the Board's decision, and Hardesty now appeals.[2]

Appellant initially contends that the Board failed to enter specific findings of fact which would provide a sufficient basis for judicial review.[3] The Board's decision actually reads as follows:

"The Board, having heard the evidence and testimony, concluding August 2, 1977, concerning the written charges to suspend, demote or discharge George Hardesty, a Corporal in the St. Joseph County, Indiana, Police Department, filed against him by Dean Bolerjack, Sheriff of St. Joseph County, Indiana, dated on or about May 31, 1977, now finds:

---

1. This action was taken pursuant to IC 1971, 17-3-14-7 (Burns Code Ed.) (now repealed).

2. This case was transferred to this office for writing on August 16, 1982.

3. It should be noted that the language used to frame this issue is tantamount to a waiver thereof. Appellant contends that:

"The total failure of the St. Joseph County Sheriff's Merit Board to make findings of fact as required should not however be available as a means of imposing further hardship on officer Hardesty. It would be too easy for the Court of Appeals to dispose of this case solely on issue 1 by remanding the case to the St. Joseph County Sheriff's Merit Board for proper findings of fact. The end result of such a remand would be that several more months (possibly years) would pass before the case could once again be properly presented to the Court of Appeals for a final, appropriate resolution.

"Instead we invite the Court of Appeals to review the entire transcript of evidence which was presented before the St. Joseph County Sheriff's Merit Board and move on to consideration of the second issue raised by this appeal dealing with the question of whether or not officer Hardesty was treated in a fair and just manner."

*Appellant's brief* at 47.

It is well established that this Court will not reweigh the evidence on appeal. Appellant's request would therefore deprive this Court of its sole remedy upon a determination that inadequate findings were entered, *i.e.,* that of remanding with instructions to enter specific findings of fact. Our disposition of this issue renders it unnecessary to invoke such waiver, however, and the issue is discussed on its merits.

"The charges filed alleged that that [sic] George Hardesty did: (1) 'while on duty at the St. Joseph County Airport in 1975, he failed on several occasions to report for duty on time, and failed on several occasions to be present in the security area of the airport when required by the nature of his security duties to be there', in violation of section IX.26 and XII–B–5(6) of the St. Joseph County Police Merit Board Rules and Regulations; (2) 'while on patrol duty in 1976 he failed to enforce the motor vehicle speed limit laws. He stated to a superior officer that his off-duty employment as a truck driver required him to exceed the speed limit and that he could not enforce speed laws that he himself violated', in violation of Rules IX.26 and XII–B–5(6) and XV–A of the St. Joseph County Police Merit Board rules and regulations; (3) 'while on patrol duty during 1976 he failed to promptly inform a superior officer that the presence of a superior officer was not required at an accident scene. At the time the superior officer was on route to the scene as a backup unit and proceeding as an emergency vehicle with lights on and siren on, and had requested to be called off promptly. Officer Hardesty's conduct needlessly put at risk lives and property', in violation of Section IX.26 and XII–B–5(6) and XII–B–5(9) of the St. Joseph County Police Merit Board Rules and Regulations; (4) 'while on patrol duty in 1976 he initially refused to respond to a radio call to provide escort for an emergency ambulance from the Marshall County Line to South Bend. He informed the radio operator that the tires on his patrol car were bald and unsafe. When the orders were repeated, he responded to the call and provided escort. When inspected the next day, the tires were found to be in a safe condition', in violation of Section IX.26 and XII–B–5(6) and XII–B–5(9) of the St. Joseph County Police Merit Board Rules and Regulations; (5) On several occasions in 1975 and 1976 as a part of his patrol duties he refused to comply with the requests and orders of the Records Department that he properly classify certain crime reports. This resulted in improper classification of crimes for reporting purposes, in violation of Sections IX–26 and XII–B–5(6) of the St. Joseph County Police Merit Board Rules and Regulations; (6) 'while on patrol duty in May, 1976, he refused to obey the lawful orders of a detective sergeant at the scene of an alleged kidnapping, a felony crime. He was directed to interview the complainant in his squad car away from the other parties and he flatly refused' in violation of Sections IX–26 and XII–B–5(6) of the St. Joseph County Police Merit Board Rules and Regulations; (7) 'while on jail security duty during 1977, he violated the civil rights of prisoners by refusing their phone call privileges on several occasions', in violation of Sections IX–12 of the St. Joseph County Police Merit Board Rules and Regulations.

"George Hardesty appeared in person throughout these proceedings and at all times therein was represented by counsel of Carl Leibowitz and Bruce Stewart; Sheriff Dean Bolerjack appearing in person and by his counsel, William H. Albright and Myron J. Hack.

"During the course of these proceedings the charge numbered (7), concerning jail security duty, was dismissed, with prejudice.

"The board unanimously now finds that, from the evidence and testimony concluding August 2, 1977, said George Hardesty did commit these violations set out in charges numbered 1, 2, 3, 4, 5, and 6, aforesaid, filed against him by Dean Bolerjack, Sheriff of St. Joseph County, Indiana, and did thereby violate the said rules and regulations of the St. Joseph County Police Merit Board. The Board further finds that the said actions on the part of George Hardesty constituted a material breach of his employment contract with the St. Joseph County, Indiana, Police Department.

"The board now, by majority decision, finds that because of the aforesaid conduct the said George Hardesty should be

discharged from the St. Joseph County, Indiana, Police Department.

"IT IS NOW ORDERED AND ADJUDGED BY THIS BOARD, by majority decision, that Dean Bolerjack, Sheriff of the St. Joseph County, Indiana, Police Department is hereby authorised [sic] and directed to discharge the said George Hardesty from the St. Joseph County, Indiana, police department and to forfeit all of his pay and allowances, forthwith." *Record* at 210 (82–84).

In essence, the Board did little more than repeat the language of the charging document in the above findings. Appellant contends that such was error.

This issue was addressed in *Yunker v. Porter County Sheriff's Merit Bd.* (1978), Ind.App., 382 N.E.2d 977, at 982, wherein this Court held that:

"Although IC 1971, 17–3–14–7 (Burns Code Ed.) does not contain an express requirement that the Board issue written findings, the existence of such findings is essential to preserve the limited scope of a reviewing court's inquiry. The absence of findings invites a reweighing of the evidence on review, thereby paving the way for judicial intrusion into matters committed to administrative discretion by the Legislature. *See: Uhlir v. Ritz* (1970), 255 Ind. 342, 264 N.E.2d 312. Thus, a sound basis exists for the rule in this state that an administrative agency has a duty to make a finding of the pertinent facts on which its decision is based, whether or not such findings are specifically required by statute." (Citations omitted.)

In *Yunker* the only findings made were citations to the pertinent rules and regulations. It has been held, however, that where the charging document contains extensive statements and facts regarding the alleged misconduct, that document can be read together with the entry of the Board to constitute findings which are specific enough for intelligent judicial review. *Connell v. City of Logansport* (1979), Ind.App., 397 N.E.2d 1058; *Martincich v. City of Hammond* (1981), Ind.App., 419 N.E.2d 240. Such is the situation in the case at bar.

That findings of fact by administrative agencies are necessary cannot be disputed. Without proper findings, a reviewing court is placed in a position in which it must weigh the evidence and judge the credibility of witnesses. The purpose of specific findings of fact is therefore to crystallize the agency's analysis of the evidence in order to provide this Court with an opportunity for intelligent review. If an agency's findings are sufficiently specific to allow a person of ordinary intelligence to ascertain the basis of the agency's decision, the findings meet the required degree of specificity. The findings of the Board in the present case meet this test.

This result is not a departure from *Perez v. United States Steel Corp.* (1981), Ind., 426 N.E.2d 29, which involved an appeal from an order of the Industrial Board. In *Perez*, Justice Hunter set forth the rationale for requiring specific findings as follows:

"We believe that both claimant and employer have a legal right to know the evidentiary bases upon which the ultimate finding rests. Davis, 2 *Administrative Law Treatise, supra* [§ 16.05 (1958) ], at 448. That responsibility initially lies with the administrative agency, who for that reason must enter specific findings of basic fact to support its finding of ultimate fact and conclusion of law. Parties will thereby be enabled to formulate intelligent and specific arguments on review. In turn, the reviewing court can expeditiously and effectively review the agency's determination; the integrity of that decision will be maintained by judicial review which is limited to these findings." (Citations omitted.) 426 N.E.2d at 32.

There is a crucial distinction, however, between Merit Board cases and cases which arise from the Industrial Board or the Employment Securities Division. In Merit Board cases there must be written charges sufficiently specific to inform an officer of the facts which constitute his misconduct. If the Merit Board finds an officer guilty of a charge, it necessarily finds that the facts

alleged in that charge exist. Conversely, if the Board finds the officer not guilty on a charge, it must find that one or more of the facts alleged in the charge were unsubstantiated by the evidence. Industrial Board and unemployment compensation cases do not have similar charging documents. In these cases, it is only through specific findings, made at the conclusion of the evidence, that the parties and the reviewing court are able to ascertain the basis of the agency's decision.

■ In the present case the Board in its decision set out the charges, including the specific factual allegations, against Hardesty. In finding that Hardesty did commit the violations set out in charges one through six, the Board necessarily found the existence of the facts as alleged. Such findings are sufficiently specific to provide the parties and the reviewing court with an understanding of the Board's reasons for its decision to discharge Hardesty. By referring to the factual allegations of the charges in its findings, the Board more than adequately fulfilled the policy considerations which mandate specific findings of fact in other types of agency decisions.

■ Appellant next contends that the trial court erred in concluding that the decision of the Board was supported by substantial evidence. As noted by the appellees, each of the six charges on which Hardesty was found guilty was supported by the testimony of either eyewitnesses to the misconduct or persons to whom Hardesty admitted such wrongful actions. Though the evidence may have been conflicting on certain issues, such conflict was properly resolved by the Board. As there is substantial evidence relating to each of the alleged facts in the charging document, the decision of the Board must stand. It is not the function of this Court to reweigh the evidence or judge the credibility of the witnesses. *Brinson v. Sheriff's Merit Bd. of Jefferson Cty.* (1979), Ind.App., 395 N.E.2d 267.

■ Appellant further claims that it was error for the Board to consider the offenses with which Hardesty was charged together rather than separately. IC 17–3–14–7 specifically mandates that a fair public hearing be held on all charges against the suspended officer. No requirement exists for the holding of a separate hearing for each alleged offense. As the trial court properly noted, the fact that the Board addressed an accumulation of charges is only a factor to be considered by the Board in rendering its decision regarding the sanction to be imposed. Furthermore, appellant failed to preserve any possible error since the record reflects that no motion was made for separate hearings before the Board.

■ Appellant next contends that the sanction of discharge imposed by the Board was excessive. Reversal of the Board's decision can be granted only upon a showing that its decision was arbitrary or capricious, otherwise such reversal would be "purely a substitution of this Court's judgment for that of the Board, *i.e.,*" the substitution of the judgment of the judicial department for the judgment of the executive department acting through an administrative board." *New Albany v. Whiteman* (1968), 250 Ind. 333, at 337, 234 N.E.2d 646, at 648. Appellant has made no showing that the sanction was imposed either arbitrarily or capriciously. As the action taken by the Board was within both its discretion and power, it must accordingly stand. *Gerhardt v. City of Evansville* (1980) Ind.App., 408 N.E.2d 1308.

■ Appellant finally contends that the decision of the trial court is contrary to law. Appellant has wholly failed to set forth specific, cogent argument on this issue or to support it with statutory authority. This issue is therefore waived. Ind.Rules of Procedure, Appellate Rule 8.3(A)(7).

The judgment of the trial court is accordingly affirmed in all matters.

Affirmed.

GARRARD, J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent because no meaningful review of the Board's decision can be made without

specific findings of fact. Merely finding that the charges are true shifts the fact finding burden on this Court which is not our function on review. The Majority's acquiescence in assuming this fact finding burden defeats any meaningful review of the Board's decision on appeal. The authority cited by the Majority, *Martincich v. City of Hammond* (1981), Ind.App., 419 N.E.2d 240, 245; *Connell v. City of Logansport* (1979), Ind.App., 397 N.E.2d 1058, does not support its proposition that adequate findings were made. *Martincich* which relies on *Connell* involved written reasons given to Connell before the hearing and the entry of the Board after the hearing. The *Connell* Court held that " . . . the written reasons or charging document can be read together with the entry of the Board to constitute the findings of the Board, especially since the entry refers to the charging document. . . ." 397 N.E.2d at 1062. Since *Connell,* our Indiana Supreme Court has made it quite clear that more is required on appeal. *Perez v. United States Steel Corp.* (1981), Ind., 426 N.E.2d 29.

In *Perez,* Justice Hunter wrote: " . . . the specific findings of basic fact must reveal the Board's determination of the relevant sub-issues and factual disputes which, in their sum, are dispositive of the particular claim or ultimate factual question before the Board. The findings must be specific enough to provide the reader with an understanding of the Board's reasons, based on the evidence, for its finding of *ultimate* fact." (Emphasis original.) In Hardesty's case, this was not done. The entry of the Board merely repeats the charges filed before the hearing of evidence and then concludes after the hearing:

> "The board unanimously now finds that, from the evidence and testimony concluding August 2, 1977, said George Hardesty did commit these violations set out in charges numbered 1, 2, 3, 4, 5, and 6, aforesaid, filed against him by Dean Bolerjack, Sheriff of St. Joseph County, Indiana, and did thereby violate the said rules and regulations of the St. Joseph County Police Merit Board. The Board further finds that the said actions on the part of George Hardesty constituted a material

breach of his employment contract with the St. Joseph County, Indiana, Police Department.

> "The board now, by majority decision, finds that because of the aforesaid conduct, the said George Hardesty should be discharged from the St. Joseph County, Indiana, Police Department."

"The requirement that findings of basic fact be entered insures that a careful examination of the evidence, rather than visceral inclinations, will control the agency's decision. Davis, 2 *Administrative Law Treatise, supra.*" *Perez, supra,* at 32.

The interlacing of general factual material with the charges is so sparse and equivocal that any meaningful review of the Board's decision is impossible. Therefore, I would reverse and remand to the Board for specific findings of fact in accordance with the Indiana Supreme Court Opinion in *Perez, supra.*