**CITY OF PORTAGE, Indiana, Appellant (Plaintiff and Appellee Below),**

v.

**Martin E. ROGNESS, Appellee (Defendant and Appellant Below).**

**No. 3–882A217.**

Court of Appeals of Indiana,
Third District.

June 20, 1983.

Rehearing Denied Aug. 1, 1983.

Clyde D. Compton, Gregory A. Sobkowski, Hodges, Davis, Gruenberg, Compton & Sayers, P.C., Merrillville, for appellant.

John C. Ruckelshaus, Walter F. Lockhart, Ruckelshaus, Roland & O'Connor, Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Appellee Martin E. Rogness was employed by the City of Portage as a police officer. On February 24, 1981, Rogness was driving a marked police car past Woodland Park, when he noticed his wife, Kathy, seated in her automobile with an unknown male. Prior to this date, dissolution of marriage proceedings had been commenced between Rogness and his wife. Rogness then parked his car and approached his wife's auto. He opened the passenger side door and repeatedly beat the passenger, David Carullo, about the head, and threatened to kill him. After this incident, Kathy Rogness made a report to Portage police which led to charges against Rogness before the Portage Metropolitan Police Commission.

Over the following months, hearings were conducted to determine Rogness' fitness for further duty. During these proceedings, evidence was gathered which resulted in a transcript of several hundred pages.

On November 3, 1981, the Commission found that Rogness violated the following rules and regulations of the Portage Police Department:

> "RULE 5.01 UNBECOMING CONDUCT
>
> Officers shall conduct themselves at all times, both on and off duty, in such a manner as to reflect most favorably on the Department. Conduct unbecoming an officer shall include that which brings the Portage Police Department into disrepute or reflects discredit upon the officer as a member of the Department, or that which impairs the operation or efficiency of the Department or officer.
>
> "RULE 2.02 VIOLATION OF RULES AND CONFORMANCE TO LAWS
>
> Officers shall not commit any acts or omit any acts which constitute a violation of any of the rules, regulations, directives or orders of the Portage Police Department.
>
> He shall also obey all the laws of the United States, the State and Local Jurisdiction in which the officer is present."

*Record* at 7.

As a result of this finding, the Commission terminated Rogness' employment.

Rogness appealed this decision to the Starke Circuit Court. In reviewing this determination, the trial judge considered the entire record made by the Commission. No additional evidence was considered. The trial judge made findings of fact and modified the decision of the Commission by reducing the penalty to a one-year suspension from duty, without pay. In doing so, the court specifically found that three of the six findings of fact made by the Commission to support the penalty were illegally considered.

The City of Portage now appeals this decision, on the basis that the trial court was without power to modify the Commission's penalty.

Appellant's principal argument is that the Starke Circuit Court erred in modifying the penalty imposed by the Portage Police Commission. Appellant argues that Ind. Code § 18–1–11–3(d) (1980 Burns Supp.) applies to this case, since judicial construc-

tion of this statute prevents a reviewing trial court from modifying the Police Commission's order. This statute provides in pertinent part that:

" . . . [i]f the court finds that the action or decision of the board appealed from should not be affirmed in all things, then the court shall make a general finding, setting out however, sufficient facts to show the nature of such proceeding and the court's decision thereon, and shall render judgment either reversing the decision of the board, or ordering the same to be modified as the court shall find and adjudge to be proper."

■ Appellee contends that the successor statute, Ind.Code § 36–8–3–4(i) (Burns 1981 Repl.) should apply, since it specifically provides that:

" . . . [i]f the court finds that the decision of the safety board appealed from should not be affirmed in all things, then the court shall make a general finding, setting out sufficient facts to show the nature of the proceeding and the court's decision on it. The court shall either:

(1) Reverse the decision of the safety board; or

(2) Order the decision of the safety board to be modified."

Acts 1981, P.L. 309, § 115(b) repealed Ind. Code § 18–1–11–3, and Ind.Code § 36–8–3–4 (Burns 1981 Repl.) took effect on September 1, 1981. However, § 116 of P.L. 309 reads:

"SECTION 116. (a) This act is intended to be a codification and restatement of applicable or corresponding provisions of the laws repealed by this act. *If this act repeals and replaces a law in the same form or in a restated form, the substantive operation and effect of that law continues uninterrupted.*

(b) This act does not affect any:

(1) rights or liabilities accrued;

(2) penalties incurred;

(3) crimes committed; or

(4) proceedings begun;

before the effective date of this act. Those rights, liabilities, penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if this act had not been enacted." (Emphasis added.)

It is undisputed that the Rogness' proceedings were begun before September 1, 1981. Therefore, this legislative "savings" provision mandates application of the now superceded statute.

■ Assuming that the new statute does apply would not alter this decision. This law merely restates in another form the substantive provisions of the old statute. Since Ind.Code § 36–8–3–4 (Burns 1981 Repl.) is a re-enactment of a statute which has previously been judicially construed, such re-enactment is deemed to be a legislative adoption of such construction. *City of Indianapolis v. Schmid et al.* (1968), 251 Ind. 147, 240 N.E.2d 66. Furthermore, it is well settled that where a statute that has been construed by this state's Supreme Court is re-enacted in substantially the same form, the Legislature is deemed to intend the same construction. *State v. Dively* (1982), Ind.App., 431 N.E.2d 540. Because the re-enacted statute in this case so closely resembles its predecessor, it is subject to the same interpretation.

■ There is an independent and more important reason for construing these statutes in a manner that does not allow for trial court modification of the Commission's decision. Appellee makes considerable contention that the wording of the statute authorizes the trial court "to modify" the decision made by the Police Commission. However, in the past the Supreme Court of Indiana has held that this purported power is overly broad, in that it grants the judiciary ultra-vires authority to interfere with an executive or administrative department. *New Albany v. Whiteman* (1968), 250 Ind. 333, 234 N.E.2d 646. To the extent that either statute grants this unconstitutional power to the courts, they are invalid. *See Whiteman, supra,* 250 Ind. at 337, 234 N.E.2d at 648. This Court is under an obligation to construe statutes in a manner that is constitutional rather than one that is not. *Prog. Imp. Assoc. v. Catch All Corp.*

(1970), 254 Ind. 121, 258 N.E.2d 403. *Wallman v. State* (1981), Ind.App., 419 N.E.2d 1346.

■ In *Whiteman,* the trial court modified the judgment of the Board of Public Works and Safety, which had dismissed a police officer for the violation of several regulations. The court found that dismissal was "too drastic," and therefore changed the officer's termination to a temporary suspension. The Supreme Court reversed and held that:

"[i]n the case before us the trial court made no finding that the administrative body, the Board of Public Works and Safety, acted arbitrarily or capriciously in fixing the punishment. In fact, it could not have made such a finding, since there was no evidence presented that the action of the Board of Public Works was arbitrary or capricious. However, in its conclusions of law, it made the statement that in its judgment, the punishment meted out by the Board was 'too drastic.' This is purely a substitution of the trial court's judgment for that of an administrative board—the substitution of the judgment of the judicial department for the judgment of the executive department acting through an administrative board. To hold that the trial court, in its own discretion, without a finding supported by evidence of an arbitrary and capricious ruling by an administrative board, may modify and change the punishment fixed by an administrative board would, in fact, turn over to the courts and the judicial department the matter of disciplining a policeman, which, under the constitution, belongs to the executive department of the government."

250 Ind. at 337, 234 N.E.2d at 648.

Likewise, the Starke Circuit Court relied on an erroneous assumption that it could modify the Commission's determinations. That court specifically stated that: "The Court further finds that a sufficient discipline of plaintiff [Rogness] would be a suspension, without pay, from October 27, 1981 until August 1, 1982 and that the decision of the Board should be so modified." *Record* at 47. This finding amounts to a substitution of the judgment of the judiciary for the judgment of an executive department acting through an administrative board. If the courts may exercise discretion and fix the punishment and regulate a police department, the Commission would become merely an advisory board to be dominated in its administrative action by trial judges. Under these circumstances it was improper for the trial court to modify the decision of the Portage Police Commission.

■ Although modification of the Commission's decision was unwarranted by law, the trial court did find that three of the six "Findings of Fact" made by the Commission were illegally considered. Therefore, the trial court should remand for proper consideration of the three legally sufficient findings of fact.

For the reasons herein stated, the judgment of the trial court is reversed and remanded, with instructions to remand to the Board of Public Works and Safety for further proceedings.[1]

STATON and GARRARD, JJ., concur.

---

1. The Portage Metropolitan Police Commission was created pursuant to Ind.Code § 19–1–32–1 and Ind.Code § 19–1–33–1 *et seq.* (Burns Code Ed.). However, Acts 1981, P.L. 13, § 1 repealed these sections, effective either when the City adopts an ordinance under Ind.Code § 36– 1–3–6(b), or by September 1, 1982, whichever is earlier. On September 1, 1982, the Portage Metropolitan Police Commission was succeeded by the Board of Public Works and Safety. Therefore, this body now has jurisdiction over the disposition of Rogness' case on remand.