**Meredith E. LILLEY, Appellant (Plaintiff Below),**

**v.**

**CITY OF CARMEL and Carmel Board of Public Works and Safety, Appellee (Defendant Below).**

No. 06A01–8802–CV–45.

Court of Appeals of Indiana, First District.

Aug. 29, 1988.

Randall L. Cable, Bookwalter & Thomas, Indianapolis, for appellant.

Stephen K. Andrews, Bleecker Brodey Andrews & Cohen, Indianapolis, Thomas A. Whitsitt, Giddings Whitsitt Baker & McClure, Lebanon, for appellee.

ROBERTSON, Judge.

Meredith E. Lilley appeals the decision of the Boone Circuit Court affirming his dismissal from the Carmel Fire Department by the city's Board of Public Works and Safety.

We affirm.

The Board found that Lilley violated IND.CODE 36-8-3-4 in that he violated the department's administrative rules and regulations and engaged in conduct unbecoming an officer, in two respects. The Board found that Lilley was in an intoxicated state when he appeared at Station 1 on the evening of January 29, 1985 and was off

duty. It determined that by appearing in an intoxicated state, Lilley violated the department's rule 40 which provides:

Intoxicating Liquors: Members shall not drink intoxicating liquors of any kind while on duty, nor while off duty to an extent unfitting him for duty. The odor of liquor on the breath of a member when reporting for duty or while on active duty, shall be deemed sufficient evidence that he is unfit for duty, and in violation of this rule, which shall be considered neglective duty and/or conduct unbecoming a fireman.

The Board based its determination on Lilley's admission that he had been drinking on that evening and on testimony from one of the firemen on duty and present at the station at the time Lilley visited.

The second basis of the Board's finding that Lilley violated I.C. 36-8-3-4(b)(2)(B) and (H) was its determination that on the evening of January 29, 1985, Lilley committed theft of gasoline by siphoning it from one of the emergency vehicles and of meat stored in the fire station freezer. The Board found that the acts of theft were acts of immoral conduct as defined by the department's rules and regulations.

Lilley takes issue with the trial court's conclusions that the Board's findings of fact were based upon evidence presented at the hearing and that the decision was not arbitrary, capricious, in violation of Indiana statute or constitution. Lilley contends that the evidence showed an absence of wrongdoing in his official capacity and was insufficient to show that while off duty, he was intoxicated to the extent that he was rendered unfit for duty. With respect to the Board's determination that Lilley had committed theft, he contends that the Board accepted the filing of charges as a basis of guilt and that since he was ultimately acquitted of the theft, the evidence is insufficient. He also contends that the Board's decision is arbitrary and capricious because it was based on innuendo and prior conduct not set forth in the charging letter.

Judicial review of the Board's decision is very limited. A decision of the safety board is considered prima facie correct, and

the burden of proof is on the party appealing. I.C. 36–8–3–4(h). This court will not correct errors of judgment made by the Board in weighing evidence. Insofar as the Board's findings of fact are concerned, the reviewing court is bound by them if they are supported by the evidence. *City of Mishawaka v. Stewart* (1974), 261 Ind. 670, 310 N.E.2d 65, 69. Absent a finding by the trial court, supported by the evidence, of an arbitrary and capricious ruling, a reviewing court has no authority to modify the Board's decision ordering dismissal. *City of New Albany v. Whiteman* (1968), 250 Ind. 333, 234 N.E.2d 646. An arbitrary and capricious act is one that is willful and unreasonable, without consideration and in disregard of the facts or circumstances in the case; the act is one without some basis which would lead a reasonable and honest person to the same action. *City of Greenwood v. Dowler* (1986), Ind.App., 492 N.E.2d 1081, 1085.

■ The evidence adduced at the hearing showed that Lilley had consumed three beers and purchased a six-pack of beer while he was out driving in his truck the evening of January 29, 1985, and that when he arrived at Station 1 and came into the basement area where the firemen were playing cards, his actions indicated he had been drinking. One fireman told the Board that Lilley was extremely talkative, missed the ashtray when he flipped his cigarette ashes, and was "kind of swaying up against the wall and leaning back and forth." When Lilley walked around to the other side of the sink, he "leaned up against the counter on the sink and was swaying back and forth...." Within 15–30 minutes after Lilley left the station, Lilley was involved in a traffic accident. Lilley reported that he was forced down into a ditch by another vehicle, causing him to collide with a telephone pole.

Lilley held the rank of lieutenant. As a shift commander, he would be in charge of the fire scene and emergency medical care. The evidence showed that the department relied on off-duty firemen often, and that men had been called in when they were off-duty about a half dozen times in the preceding 3–4 months. The fire chief told the board that he had made it known that if his men were drinking off-duty, he did not want them responding to a call. He also advised the Board that he had warned Lilley in the past that he did not want Lilley at the station when he was off duty if he had been drinking.

We observe that the Board did not expressly find that Lilley had been drinking to the extent that he was unfit for duty, although the evidence supports such a conclusion and the Board did find that Lilley was *intoxicated*. *Cf.* I.C. 9–11–1–5 (1983) ("[i]ntoxicated" means under the influence of ... alcohol ... such that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to such an extent as to endanger any person.) However, we do not find this omission to be critical to the appeal because the Board did not rely exclusively on a violation of administrative rule 40 but also determined that Lilley's actions constituted "conduct unbecoming an officer." The record indicates "conduct unbecoming an officer" has been defined in the department's rules as "any other act or conduct which is unethical or tends to reflect ridicule, distastement, disrepute, disgrace or degradation on a member of his department or otherwise create disrespect." In light of rule 40, which provides that the odor of alcohol on the breath of a member reporting for duty shall be sufficient evidence that he is unfit for duty and considered conduct unbecoming an officer, we believe the Board could reasonably conclude that appearing at a station intoxicated or driving while in an intoxicated state is similarly conduct tending to bring Lilley and the department into disrepute. *Cf. Pope v. Marion County Sheriff's Merit Board* (1973), 157 Ind.App. 636, 301 N.E.2d 386 (charge of failing to obey superior officer and operating county-owned vehicle while under the influence of intoxicating liquors reasonably related to policeman's fitness or capacity to hold position; very nature of duties dictates conduct on and off duty must be above reproach.)

■ We find it unnecessary, as did the trial court, to address Lilley's contentions with respect to the evidence of theft as the evidence of intoxication is sufficient to support the Board's decision to dismiss Lilley.[1] We note, however, that an administrative determination that a criminal act has been committed does not depend upon a criminal conviction of that act. *Mediate v. City of Indianapolis* (1980), Ind.App., 407 N.E.2d 1194, 1197. The administrative decision-making process contemplates a different standard of proof with different consequences. *Id.* at 1196.

■ Lilley argues that the Board's decision is arbitrary and capricious because it was based upon innuendo and prior conduct not set forth in the charging letter. Lilley offered evidence of his alcoholism. He selectively objected to evidence of prior incidents of his drinking while off duty and examined his own witnesses about other incidents. (*See, e.g.*, testimony of Kahl, p. 545, 552 and Moriarty). Under these circumstances, Lilley having failed to preserve his objection before the Board itself despite opportunities to do so, and having opened the door to such issues at the hearing, he cannot now complain. *Atkinson v. City of Marion* (1980), Ind.App., 411 N.E.2d 622; *City of Marion v. Antrobus* (1983), Ind.App., 448 N.E.2d 325, *trans. denied.* For the same reason, we conclude that Lilley's assertions that he received inadequate notice and was denied a fair hearing because the hearing went into issues beyond those stated in the city's notice are waived.

Lilley argues that the Board was biased and had preconceived notions of his guilt, denying him a fair hearing. He points only to a conversation between the Mayor, who served as a voting member of the Board, and the city's attorney as evidence of impropriety but alleges generally that bias was evident throughout the hearing.

■ We have reviewed the transcript of the hearing in its entirety and find no evidence of bias or impropriety. We find only one reference on the record to the Board's conduct and that was with respect to a comment made by one of the Board members that counsel's questions were becoming repetitive. Since Lilley did not, at any time, challenge the composition of the Board, properly bring the allegation of bias to the Board's attention and obtain a ruling, or make a record with respect to events occurring off the record, there is nothing for us to review in this appeal. One cannot sit idly by until the Board announces its decision and then object to the procedure utilized. Issues are not preserved for appeal unless a proper and timely objection is made. *Martincich v. City of Hammond* (1981), Ind.App., 419 N.E.2d 240, 241.

Lilley also contends that the standard "conduct unbecoming an officer" is unconstitutionally vague and that the charges against him were unconstitutionally vague, both facially and as applied. We deem these issues waived because Lilley has not presented us with cogent argument on them. *See,* Ind. Rules of Procedure, Appellate Rule 8.3(A)(7).

■ Lilley argues that the transcript of his questioning by the police which he offered before the trial court to impeach the testimony of a police officer given before the Board renders the trial court's decision against the weight of the evidence. He also argues the trial court erred in failing to consider the transcript. We find no error. The trial court does not weigh evidence. *Dowler, supra* at 1085. It may not substitute its judgment for that of an administrative body in a disciplinary action without a showing that such action is arbitrary and capricious. *Id.* at 1084.

■ Finally, Lilley argues that the allegations considered by the Board only concerned Lilley's activities while off-duty and there was no showing of his incapacity while on duty. Lilley points out that our decisions require the cause for dismissal

---

1. Lilley contended before the trial court that his acquittal of criminal charges of theft effected his dismissal. The trial court found that the record before him did not show an acquittal, but even if it did, the occurrence of an acquittal would not be a basis for overturning the Board's decision because it was not predicated solely upon allegations of theft.

bear a reasonable relationship to the fire-fighter's fitness for holding the position or his incapacity to discharge his duties. *See, e.g., State ex rel Felthoff v. Richards* (1932), 203 Ind. 637, 644, 180 N.E. 596. The evidence offered the Board showed the department's regular reliance on its off-duty officers. Inasmuch as Lilley held a position of authority and could be called in to make decisions affecting the safety of other firefighters, the requirement that he not engage in conduct which might impair his ability to respond appropriately in an emergency, particularly around those within his supervision, is certainly reasonable.

Judgment affirmed.

RATLIFF, C.J., and HOFFMAN, J., concur.